JOHN F. L. HEBB  (SBN 108391)
LAW OFFICES OF JOHN F. L. HEBB
1541 Ocean Avenue, Suite 200
Santa Monica, CA  90401
TEL:  310/393-3077
FAX:  310/496-0456
*JOHNFLHEBB@aol.com*

ROBERT H. POWSNER  (SBN 24386)
LAW OFFICES OF ROBERT H. POWSNER
11315 Shoreline Street, Suite C, P.O. Box 1327
Point Reyes Station, CA 94956
TEL:  415/663-1035
FAX:  415/663-1450

AVRUM  J. ROSEN   (AJR4016)
FRED S. KANTROW   (FK3499)
LAW OFFICES OF AVRUM J. ROSEN
38 New Street
Huntington, New York 11743-3327
Tel: 631-423-8527
Fax: 631-423-4536
*FKantrow@AvrumRosenLaw.com*

Attorneys for
Respondent [Plaintiff
in Arbitration]
PAC PACIFIC
GROUP INT'L, INC.
OF USA ("PPGI")

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NGC NETWORK ASIA, LLC ["NGCA"],<br><br>　　　　Petitioner,<br><br>vs.<br><br>PAC PACIFIC GROUP INT'L, INC. OF USA ["PPGI"], | USDC CASE NO. 07-cv-2855-jc<br>ECF CASE<br>Supreme Ct. NY No. 600912/07<br><br>AAA No.<br>50 181 T 00079 07<br><br>**NOTICE OF REMOVAL OF**<br><br>**CIVIL ACTION** |

**Respondent.**

========================

*ARBITRATION IN THE MATTER OF*:

**PAC PACIFIC GROUP INT'L, INC. OF USA ["PPGI"],**

      **Plaintiff**

vs.

**NGC NETWORK ASIA, LLC ["NGCA"],**

      **Defendant**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK:

    PLEASE TAKE NOTICE that pursuant to 28 USC sections 1441(a) and 1446, respondent **PACIFIC GROUP INT'L, INC. OF USA ["PPGI"]** hereby removes this action to this Court on the ground of original jurisdiction under 28 USC section 1332.

## THE STATE SUPREME COURT ACTION

    On 3/21/07 petitioner **NGC NETWORK ASIA, LLC ["NGCA"]** commenced this action *"NGC NETWORK ASIA, LLC ["NGCA"],*

*Petitioner, vs. PAC PACIFIC GROUP INT'L, INC. OF USA ["PPGI"], Respondent."* in the New York State Supreme Court for the County of New York, Case Number 600912/07 (the "Supreme Court Action"). [Attached as Exhibit "A" are copies of petitioner's "Petition for Stay of Arbitration" ["Petition"] and other initial pleadings (the only pleadings to date in the Supreme Court Action).]

Petitioner and Respondent were parties to an agreement**, "National Geographic Program Syndication Memorandum of Understanding"** dated July 1, 2000 and signed October 28, 2000, and its subsequent "Rider" and "Amendments", the last of which was signed January 15, 2001 [collectively, the "Agreement" or "MOU"] involving terrestrial television broadcast programming and related advertising and sponsorship sales in the People's Republic of China, which agreement called for binding arbitration in the event of a dispute.

A dispute over advertising and sponsorship sales due from NGCA to PPGI arose between the parties on or after 10/21/01 – as to which Respondent PPGI gave notice of its intent to arbitrate on 10/4/03.

The petition in the Supreme Court Action requested a stay of arbitration as to PPGI's 10/4/03 *"NOTICE OF INTENT TO ARBITRATE"* and NGCA's 10/13/03 written refusal to arbitrate, and subsequent refusals, and PPGI's subsequent 3/1/07 *"<u>PLAINTIFF'S NOTICE OF</u>*

*INTENT TO ARBITRATE/AMENDED CLAIM  [AMENDMENT OF CLAIM IN PLAINTIFF'S INITIAL NOTICE OF INTENT TO ARBITRATE SERVED ON DEFENDANT  10/4/03]",* coupled with PPGI's simultaneous 3/1/07 *"NOTICE TO DEFENDANT OF DEFENDANT'S DEADLINE TO APPLY TO STAY THE ARBITRATION WITHIN TWENTY DAYS AFTER SERVICE OF  THESE ARBITRATION DOCUMENTS AND THIS NOTICE ON DEFENDANT, AND RELATED CONSEQUENCES [under CPLR 7503(c)]"*.

The Supreme Court Action petition's request for a stay of arbitration is based on petitioner's statute of limitations arguments.

## DIVERSITY OF CITIZENSHIP

This action is between citizens of different states.  Petitioner is now, and was when it filed the Supreme Court Action, a citizen of Delaware, with its principal place of business in Hong Kong, China [Petition, at para. 2].  Respondent is now, and was when petitioner filed the Supreme Court Action, a citizen of California, with its principal place of business in California [Petition, at para. 3].

## AMOUNT IN CONTROVERSY

The amount in controversy exceeds the $75,000 jurisdictional minimum [exhibits attached to the Petition reflect respondent's claim in arbitration is in excess of $4,000,000].

## ORIGINAL JURISDICTION

Based on the foregoing, this Court has original jurisdiction under 28 USC section 1332. Petitioner and respondent are citizens of different states and the amount in controversy exceeds the $75,000 jurisdictional minimum. This action is therefore one that may be removed to this Court pursuant to 28 USC sections 1441(a) and 1446.

**WHEREFORE**, respondent PPGI hereby gives notice that this action has been removed, in its entirety, from the New York State Supreme Court for the County of New York, to the United States District Court for the Southern District of New York.

DATED: 4/9/2007          LAW OFFICES OF JOHN F. L. HEBB,
                         LAW OFFICES OF ROBERT H. POWSNER,
                         and
                         LAW OFFICES OF AVRUM J. ROSEN

By: S/Fred S. Kantrow
FRED S. KANTROW (FK3499)
Attorneys for Respondent [Plaintiff in Arbitration] PAC PACIFIC GROUP INT'L, INC. OF USA ("PPGI")