# EXHIBIT B

# NATIONAL
# GEOGRAPHIC
# CHANNEL

Chang Ming Zhang
Vice-President
China Central Television
11 Fuxing Road
Beijing, China 100859

Vice-President Zhang,

National Geographic Channel Asia (NGCA) wishes to inform China Central Television
(CCTV) that we are no longer able to provide programming for the "Approaching
Science" block of programming on CCTV1, effective October 21, 2001, due to lack of
revenue generated.

In July 2000, NGCA entered into an agreement with China Central Television (CCTV),
International Creative Management, Inc. (ICM) and Pac Pacific Group International
(PPGI) to distribute National Geographic branded television programs over CCTV.

In the original MOU dated July 1, 2000, it is stated in part 6 section A, that the MOU
may be terminated early if:

"NGCA, if during the Initial Term or Renewal Term it has not been able to generate sufficient
advertising revenues to pay to NGT US $1500 per Program aired (US$78,000 in the aggregate
per each 12 month period)"

NGCA, since the start of this contract and previously discussed with CCTV, has been
unable to generate enough advertising revenue to pay for the programming licensed from
National Geographic Television (NGT). Therefore it is NGCA's desire to exit the MOU
early in order to prevent the further loss of revenue.

If an opportunity for both NGCA and CCTV to work together in the future arises, NGCA
will be happy to explore new ventures for program distribution with CCTV.

Thank you,

Ward Platt
Managing Director
NGC Asia Private Ltd.

cc:     Feng Cunli, CCTV
        Gao Feng, CCTV
        Sun Suping, CCTV
        Alie Chang, PPGI
        Richard B. Levy Esq., ICM
        Michael I. Levy, Michael I. Levy Enterprises, Inc
        George M. Davis, Esq., Nelson, Guggenheim, Felker & Levine
        Tao Zhang, NGCA-Beijing

NGC Network Asia, LLC (Formed in Delaware)
National Geographic Channel Asia
8⁹ Floor, One Harbourfront, 18 Tak Fung Street, Hunghom,Kowloon, Hong Kong
Telephone: 852 2621 0888   Facsimile: 852 2621 9922

# EXHIBIT C

1   JOHN F. L. HEBB      (SBN 108391)
    LAW OFFICES OF JOHN F. L. HEBB
2   1541 Ocean Avenue, Suite 200
    Santa Monica, CA 90401
3   TEL: 310/393-3077
    FAX: 310/496-0456
4   *JOHNFLHEBB@aol.com*
5

6   ROBERT H. POWSNER (SBN 24386)
    LAW OFFICES OF ROBERT H. POWSNER
7   11315 Shoreline Street, Suite C, P.O. Box 1327
    Point Reyes Station, CA 94956
8   TEL: 415/663-1035
    FAX: 415/663-1450
9

10  Attorneys for Plaintiff
    PAC PACIFIC GROUP INT'L,
11  INC. OF USA ("PPGI")

12

13  ___ARBITRATION IN THE MATTER___

14  ___OF:___                                AAA No. {TBA}

15                                           **PLAINTIFF'S NOTICE OF INTENT
                                             TO ARBITRATE/ AMENDED CLAIM**
16  **PAC PACIFIC GROUP INT'L,**
    **INC. OF USA ["PPGI"],**                [AMENDMENT OF CLAIM IN
17                                           PLAINTIFF'S INITIAL NOTICE OF
                                             INTENT TO ARBITRATE SERVED ON
18              **Plaintiff**                DEFENDANT 10/4/03]

19  vs.

20  **NGC NETWORK ASIA, LLC**
    **["NGCA"],**
21
                **Defendant**
22

23

24

25

26

27

28
    **PLAINTIFF'S NOTICE OF INTENT/AMENDED CLAIM**
                                             1

# INTRODUCTION

Plaintiff **PAC PACIFIC GROUP INT'L, INC. OF USA ["PPCI"]**, hereby submits this Plaintiff's Notice Of Intent To Arbitrate/Amended Claim against defendant **NGC NETWORK ASIA, LLC ["NGCA"]** (reciting first below the original Notice Of Intent To Arbitrate, with its included Claim, served on defendant 10/4/03), to said defendant and to the American Arbitration Association for "arbitration in New York, New York before a single retired judge or attorney with at least 10 years experience in the entertainment industry, in accordance with the laws of the State of New York, United States of America, and with the then existing rules for Commercial Arbitration of the American Arbitration Association" pursuant to the parties' "National Geographic Program Syndication Memorandum of Understanding" dated July 1, 2000 and signed October 28, 2000, and its subsequent "Rider" and "Amendments", the last of which was signed January 15, 2001 [collectively, the "Agreement"].

A copy of said Agreement, which provides for mandatory binding arbitration, is being simultaneously transmitted to the American Arbitration Association.

While the parties' Agreement does not specify the arbitration need be heard by or before the American Arbitration Association, plaintiff's efforts at enlisting defendant's participation in choosing an arbitrator between themselves, from a list of arbitrators proposed by plaintiff PPGI, and/or to be proposed by defendant NGCA, have proved unsuccessful, and plaintiff now simply submits this matter to

**PLAINTIFF'S NOTICE OF INTENT/AMENDED CLAIM**

2

LAW OFFICES OF LOREN F L. HEBB
1541 OCEAN AVONUE, 2nd FLOOR
SANTA MONICA, CALIFORNIA 90401
310/393-3177

1   the American Arbitration Association for arbitration consistent with its Commercial

2   Arbitration Rules, and specifically its expedited procedures for Large, Complex

3

4   Commercial Disputes for cases where the claim exceeds $500,000.

5         Plaintiff PPGI previously served its NOTICE OF INTENT TO ARBITRATE

6   on defendant on 10/4/03, pursuant to section 19 of the parties' Agreement by faxing

7   same to:

8   NGC Network Asia, LLC, to Ward L Platt
     Managing Director
9   One Harbourfront, 8th Floor
     18 Tak Fung Street
10  Hunghom, Kowloon
     Hong Kong SAR
11  Facsimile transmission number: 852 2621 8826 and 8822

12  With a copy to Geng Wei-min
13  Director - Distribution China
     1301, North Tower
14  Beijing Kerry Centre
     1 Guanghua Road, Chaoyang District
15  Beijing 100020 China
     Facsimile transmission number: 86 10 8529 8462.
16

17

18        NGCA responded in writing to said 10/4/03 Notice in writing only by its in-

19  house counsel, disputing plaintiff's claim but declining to participate in any

20  arbitration. Thereafter, several years ensued in which various successive in-house

21

22  counsels of defendant, now no longer employed by defendant, pleaded the need for

23  more time because of maternity leave, vacations, desire for more data; and to this

24  date by and through the fourth in-house counsel, have refused and still refuse to

25  enter into arbitration.
26

27       Accordingly, absent a constructive response to this arbitration demand and

28

   **PLAINTIFF'S NOTICE OF INTENT/AMENDED CLAIM**
          3

LAW OFFICES OF JOHN F.L. HEBB
1341 OCEAN AVENUE, 2ND FLOOR
SANTA MONICA, CALIFORNIA 90401
310-395-3077

1  willingness to participate in an arbitration procedure, plaintiff intends that this

2  Notice also serve as a notice of intent to petition the New York Supreme Court for

3

4  an Order to Enforce Arbitration.

5

6  The original Notice Of Intent To Arbitrate of 10/4/03 stated plaintiff's claim

7  as follows:

8

9  **ORIGINAL "NOTICE OF INTENT TO ARBITRATE", OCTOBER 4, 2003**

10  Notice is hereby given of Pac Pacific Group Int'l, Inc. of USA's ["PPGI's"] intent to arbitrate its

11  claims against NGC Network Asia, LLC ["NGCA"], and Does 1-10 under that certain agreement

12  entered into by both said parties entitled "National Geographic Program Syndication

13  Memorandum of Understanding", signed by Ward Platt on 10/28/00 and its subsequent "Rider"

14  and "Amendments".

15

16  PPGI's claims include breach of contract for payment of sums due PPGI under section 10 of the

17  National Geographic Program Syndication Memorandum of Understanding, and related claims for

18  breach of fiduciary duty, breach of the covenant of good faith and fair dealing, and fraud, seeking

19  both compensatory and punitive damages in an amount presently unknown.

20

21  On information and belief, PPGI alleges in general that NGCA utilized the advertising time that

22  was the subject of the parties' agreement, and has not accounted to PPGI for the fair value of

23  same, and further that NGCA fraudulently induced PPGI to enter the agreement in that NGCA had

24  no intent to perform under the agreement at the time it was entered into.

25

26  Pursuant to section 19 of the parties' agreement, the arbitration is to take place in New York, New

27  York under certain guidelines stated in said section 19, and request is also hereby made that

28  NGCA directly or through counsel contact the undersigned PPGI's counsel to coordinate on

**PLAINTIFF'S NOTICE OF INTENT/AMENDED CLAIM**

4

LAW OFFICES OF JOHN J.L. REEB
1541 OCEAN AVENUE, 2ND FLOOR
SANTA MONICA, CALIFORNIA 90401
310/393-0477

1  compliance with section 19's guidelines.

2

3  /s/
   John W. L. Hebb (SBN: 108391)
   LAW OFFICES OF JOHN F. L. HEBB
4  1541 Ocean Avenue, Suite 200
   Santa Monica, California 90401-2100
5  TEL: 310/393-3077
   email: JOHNFLHEBB@aol.com
6  Attorney for PPGI

7

8

# PLAINTIFF'S AMENDED CLAIM

9

10

11  Plaintiff hereby amends its notice and claims to state, subject to any further

12  amendments as may become appropriate due to further discovery or otherwise:

13

## Allegations Common to All Causes of Action and Hereby Incorporated Therein

14

15

16  1. PPGI and NGCA entered the written Agreement entitled "National

17  Geographic Program Syndication Memorandum of Understanding", dated as of July

18  2000 and actually signed before and on 10/28/00, as well as its subsequent written

19  "Rider" and "Amendments" duly signed by the parties [all collectively, as indicated

20  above, referred to herein as the "Agreement"].

21

22  2. The written Agreement and the transactions it covered had come into

23  existence through years-long efforts by plaintiff PPGI, and in particular PPGI's

24  principal Alie Chang, to bring the all parties together and to arrange the transaction and

25

26  the Agreement. Defendant well knew of plaintiff's long-term efforts and relied on

27  them and accepted them. Said transaction and Agreement consisted, in brief, of China

28

PLAINTIFF'S NOTICE OF INTENT/AMENDED CLAIM

Central Television ('CCTV') distributing in China television programs of National
Geographic Television ('NGT') through defendant NGCA. For such services by
plaintiff, the Agreement provided (section 10.4) that plaintiff was to be paid 35
percent of 'net add revenue' as defined therein. Also, plaintiff was to be paid (section
10.2.3) from 'adjusted gross ad revenue,' its previous expenses of approximately
$25,000.

3.   Said Agreement provided (section 8) that defendant (through its chosen
representatives) "shall be solely responsible for selling sponsorship and air time for the
programs in the Slots to advertisers."

4.   In the course of 46 weeks of weekly television and distribution in China
under the Agreement, defendant breached the Agreement in that it did not sell one
second of advertising, and plaintiff did not receive one penny under the Agreement or
otherwise.

5.   Before the Agreement was entered into, the parties had first over many
months negotiated terms whereby plaintiff and its associates, not defendant, would
have sold the advertising, as well as the sponsorships at issue. Under such originally
contemplated and negotiated arrangement, plaintiff would have shared in gross—not
net—advertising revenue.

**PLAINTIFF'S NOTICE OF INTENT/AMENDED CLAIM**

6

LAW OFFICES OF JOHN FL. HERB
1541 OCEAN AVENUE 2ND FLOOR
SANTA MONICA, CALIFORNIA 90401
310.393.1017

LAW OFFICES OF JOHN FL. HEBB
151 OCEAN AVENUE, 2nd FLOOR
SANTA MONICA, CALIFORNIA 90401
310-393-2037

6. Before, at and at all times after the switch to NGCA having sole rights to sell the advertising and sponsorships, NGCA knew that PPGI and its affiliate Chinese advertising agency BETC (itself also long intended to be a party to the contract before defendant NGCA induced the switch of advertising duties and rights to itself) already had advertisers and sponsors lined up who were ready, willing and able to advertise on the programs PPGI had paved the way for NGCA to broadcast. At no time during the period of NGCA's purported inability, referenced below, to sell <u>any</u> advertising or sponsorships, did NGCA ever contact PPGI, BETC or any other associated entity in the effort to sell advertising or sponsorships.

7. Defendant also fraudulently represented to plaintiff that its representatives it proposed to handle advertising sales ('Star TV and Yuntu Advertising') were well capable, experienced and successful in such business of selling advertising for television programs.

8. In justifiable reliance on defendant's said representations, plaintiff acceded to said request, and the contract was changed to give the right and responsibility for selling advertising solely to defendant and not to plaintiff.

9. PPGI performed its duties under the Agreement and NGCA was thereby able to broadcast its first programming on 12/5/00. The contractual payments to

**PLAINTIFF'S NOTICE OF INTENT/AMENDED CLAIM**

7

PPGI from NGCA from the gross advertising revenue were due quarterly, and under the terms of the parties' final Agreement terms, the first quarterly payment to PPGI was due 3/5/01. However, no payment was paid on said date, or on any other date thereafter up to and including the present.

10.   The term of the Agreement was for one year plus a one-year renewal term, section 4. However, n September 27, 2001, defendant gave notice of early termination effective October 21, 2001 (purportedly under section 6(a) of the Agreement) on the basis that it had not been "not been able to generate sufficient advertising revenues" under the provisions of the Agreement and representing that in 46 weeks of its purported performance under the Agreement there were and would be no advertising revenues at all.

11.   Defendant has reaped, by virtue of plaintiff's efforts and its breach and fraud, immense financial gains and benefits in television broadcasting in China after the termination of the argument, an unjust enrichment in an amount to be determined as hereinafter alleged. This was accomplished by means of plaintiff's efforts and defendant's one year of wide exposure to the Chinese television audience, and by virtue of defendant's success – by such means in having a wide-spread branding of its name and programs in China. This success was intentionally and fraudulently facilitated by defendant's decision to commit the aforesaid breaches and to thereby not

PLAINTIFF'S NOTICE OF INTENT/AMENDED CLAIM
8

LAW OFFICES OF JOHN E. HERR
11611 OCEAN AVENUE, 2nd FLOOR
SANTA MONICA, CALIFORNIA 90401
310/393-3377

sell any sponsorship advertising and to thereby avoid "diluting" its pure National Geographic branding from any other ads or sponsorships during the allocated broadcast times."

## FIRST CAUSE OF ACTION:
### Breach of Express Contract

12.   Defendant breached the aforesaid Agreement materially and substantially, by failing and refusing to sell any advertising or sponsorships or account and by failing and refusing to use its best efforts to sell any advertising or sponsorships, to make any commercially reasonable good-faith effort to sell any advertising or sponsorships, and/or to make any attempts to sell any advertising or sponsorships.

13.   As a direct and proximate result of said material breach, plaintiff has suffered substantial damages, to wit, the utter failure of consideration and plaintiff's total loss of its share of advertising revenue under the Agreement, which was the only benefit provided to it for its years of service under the Agreement, in an amount to be determined according to proof, but which is not less than $1,008,796 for the first year of the Agreement, and an equivalent or greater sum for the second renewal term under the Agreement which defendant by its own conduct and omissions cancelled, contrary to the understood and agreed intentions and conditions for an automatic one-year renewal of the Agreement – for a total in excess of $2,000,000 to be determined according to proof.

PLAINTIFF'S NOTICE OF INTENT/AMENDED CLAIM

9

LAW OFFICES OF JOHN J. L. HEBB
1541 OCEAN AVENUE, 2ª FLOOR
SANTA MONICA, CALIFORNIA 90401
(310)393-3071

## SECOND CAUSE OF ACTION
### Breach of Implied Covenant of Good Faith and Fair Dealing

14.  By virtue of the Agreement alleged above, defendant was and is subject to, and is a party to, an implied covenant of good faith and fair dealing, by which defendant promised to perform its obligations under the Agreement in good faith and in fair dealing.

15.  Defendant materially and substantially breached said implied covenant by failing and refusing to sell any advertising or sponsorships or account and by failing and refusing to use its best efforts to sell any advertising or sponsorships, to make any commercially reasonable good-faith effort to sell any advertising or sponsorships, and/or to make any attempts to sell any advertising or sponsorships.

16.  As a direct and proximate result of said material breach, plaintiff has suffered substantial damages, to wit, the utter failure of consideration and plaintiff's total loss of its share of advertising revenue under the Agreement, which was the only benefit provided to it for its years of service under the Agreement, in an amount to be determined according to proof, but which is not less than $1,008,796 for the first year of the Agreement, and an equivalent or greater sum for the second renewal term under the Agreement which defendant by its own conduct and omissions cancelled, contrary to the understood and agreed  intentions and conditions for an automatic one-year

**PLAINTIFF'S NOTICE OF INTENT/AMENDED CLAIM**

10

renewal of the Agreement – for a total in excess of $2,000,000 to be determined
according to proof.

### THIRD CAUSE OF ACTION
### Damages for Fraud and Other Relief:
### Fraudulent Inducement to Enter Contract

17.   As aforesaid, defendant made fraudulent representations to plaintiff that:
(a) it intended to and would sell advertising on its program Slots; (b) it would use its
best efforts to do so; and (c) its appointed representatives were well qualified,
experienced and capable to successfully sell such advertising.

Said fraudulent representations were false; they were material to plaintiff,
particularly in inducing plaintiff to forego the previously agreed arrangement
whereupon plaintiff itself would have done the selling of advertising; and plaintiff
relied thereon in accepting defendant's request that defendant alone be responsible and
have the right to do the advertising.

18.   As a direct and proximate result of such fraud, plaintiff has been damaged
in an amount equal to its loss of advertising revenue share, in an amount as above
alleged.  In addition, plaintiff is entitled on account of such fraud, to equitable relief in
the form of restitution of unjust enrichment of defendant, as alleged hereinabove and in
the Seventh Cause of Action below.

LAW OFFICES OF JOHN F.L. HEBB
1541 OCEAN AVENUE, 2ⁿᵈ FLOOR
SANTA MONICA, CALIFORNIA 90401
310/393-2077

1    19.  The aforesaid conduct of defendant was malicious, oppressive and

2    fraudulent as to plaintiff; and therefore in addition, plaintiff is entitled to punitive

3    damages by way of example and punishment for such fraud, and in an amount to be

4    determined according to proof.

5

6

7                          **FOURTH CAUSE OF ACTION**

8    **Rescission of Contract for Breach of Contract, and for Breach of**

9    **Implied Covenant of Good Faith and Fair Dealing and for Fraud**

10   20.  By virtue of the aforesaid breaches of contract, implied covenant and fraud,

11   plaintiff is entitled to and does hereby rescind the aforesaid Agreement.

12

13

14   21.  Plaintiff is entitled by said rescission to recover damages as above alleged

15   and also to recover by restitution the amount of defendant's unjust enrichment as

16

17   alleged hereinabove and hereinafter in the Seventh Cause of Action.

18

19

20                          **FIFTH CAUSE OF ACTION**

21            **Rescission of Contract for Failure of Consideration**

22   22.  By virtue of the utter and complete failure of the only consideration

23   defendant was obliged to plaintiff under the Agreement, plaintiff is entitled to and does

24

25   hereby rescind the aforesaid Agreement.

26

27

28

**PLAINTIFF'S NOTICE OF INTENT/AMENDED CLAIM**

12

LAW OFFICES OF JOHN J.L. HEBB
1141 OCEAN AVENUE, 2nd FLOOR
SANTA MONICA, CALIFORNIA, 90401
310-393-5011

23. Plaintiff is entitled by said rescission to recover damages as above alleged and also to recover by restitution the amount of defendant's unjust enrichment as alleged hereinabove and hereinafter in the Seventh Cause of Action.

## SIXTH CAUSE OF ACTION
### For Reasonable Value of Plaintiff's Services (Quantum Meruit)

24. At defendant's special instance and request, plaintiff expended years of great effort in bringing about the transaction and the final Agreement between the parties; and as a direct result thereof, defendant has received great financial rewards and unjust enrichment as aforesaid.

25. Plaintiff thereby is entitled in justice and equity to recover the reasonable value of its services in an amount according to proof, but not less than $4 million, including the benefit conferred on defendant unjustly as above alleged.

## SEVENTH CAUSE OF ACTION
### For Restitution of Unjust Enrichment of Defendant

26. By virtue of the facts heretofore alleged, defendant has been enriched by plaintiff's efforts in a very substantial monetary amount. This enrichment consisted and consists generally of its having achieved a singular branding status for National Geographic television programs in China. Under all the circumstances, the total

PLAINTIFF'S NOTICE OF INTENT/AMENDED CLAIM

13

LAW OFFICES OF JOHN S.L. HEBB
1540 OCEAN AVENUE, 2nd FLOOR
SANTA MONICA, CALIFORNIA 90401
310/393-5077

1   retention of such enrichment and benefits by defendant is and would be unjust. The
2   said enrichment was greatly facilitated by the fact that the television programs and
3   broadcasts under the agreement contained absolutely no advertising and no sponsors,
4   other than defendant NGCA's own self-sponsorship, which it has neither accounted for
5   nor paid for, leaving defendants' 'National Geographic' brand to stand alone and
6   receive sole undiluted attention. Such benefits came to defendant solely as a result of
7   the Agreement and the broadcasts thereunder, and the Agreement came to defendant
8   solely as a result of the long-term efforts of plaintiff and its principal Alie Chang, of
9   which defendant was and is fully aware.
10
11
12
13
14      27.  With or without regard to the breach of contract, breach of implied
15   covenant, fraud, and other wrongdoing alleged above, it is unequivocal that there has
16   been a total failure of the consideration due to plaintiff, the only consideration due to
17   plaintiff, and that such failure of consideration—the not selling of any advertising—is
18   a prime factor in the ultimate great benefits conferred by plaintiff's efforts on the
19   defendant. Thereby the retention by defendants of such benefits would be unjust and
20   unfair and contrary to law and equity.
21
22
23
24      28.  Thereby, plaintiff is entitled to relief in the form of recovery, by restitution
25   or otherwise, of the monetary value of the benefits, or a significant portion thereof,
26   conferred by plaintiff on defendant from the inception of plaintiff's services on
27
28
    **PLAINTIFF'S NOTICE OF INTENT/AMENDED CLAIM**
                                    14

LAW OFFICES OF JOHN F.L. HEBB
154 OCEAN AVENUE, 1ST FLOOR
SANTA MONICA, CALIFORNIA 90401
310(393-3077)

defendant's behalf, and for a reasonable period following its aforesaid unjustified early termination of the Agreement, in a reasonable amount, to be determined according to proof."

**WHEREFORE**, plaintiff prays for judgment against defendant, as follows:

1.     For contract and fraud damages according to proof;

2.     For special damages of $2,000,000, or more, all according to proof (including, without limitation attorney fees and costs as "damages" under third-party tortfeasor rules);

3.     For disgorgement of defendant's ill-gotten gains and unjust enrichment, by restitution, damages or otherwise;

4.     For any and all appropriate injunctive relief;

5.     For attorney fees per statute and any other provision of contract or law;

6.     For punitive damages on all Causes of Action sounding in tort or otherwise allowing for same;

7.     For mandatory pre-judgment interest on all special damages per NY CPLR 5001 and 5004;

8.     For all discretionary pre-judgment interest;

9.     For costs of expert witnesses;

10.    For all other costs of suit incurred herein; and

**PLAINTIFF'S NOTICE OF INTENT/AMENDED CLAIM**
15

LAW OFFICES OF JOHN F.J. KEBB
1511 OCEAN AVENUE, 2nd FLOOR
SANTA MONICA, CALIFORNIA 90401
310/393-0377

11.    For such other and further relief as the arbitrator may deem just and proper.

DATED: 2/28/07

LAW OFFICES OF JOHN F. L. HEBB
AND
LAW OFFICES OF ROBERT H. POWSNER

By: JOHN F./L. HEBB, Esq.
Attorney for Plaintiff

## PROOF OF SERVICE

### (CCP 1013a, 2015.5, et al.)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of/employed in the aforesaid county, State of California; I am over the age of eighteen years and not a party to the within action; my business address is: 1541 Ocean Avenue, Ste. 200, Santa Monica, CA 90401-2100.

On the below date, i served the foregoing

**PLAINTIFF'S NOTICE OF INTENT TO ARBITRATE/ AMENDED CLAIM [AMENDMENT OF CLAIM IN PLAINTIFF'S INITIAL NOTICE OF INTENT TO ARBITRATE SERVED ON DEFENDANT 10/4/03]**

on the interested parties in this action by (unless otherwise specified below) placing a true copy thereof in a sealed envelope with postage thereon fully prepaid, in the United States mail in Los Angeles County, California, addressed as follows.

1. via fax, per the subject arbitration agreement's provisions, and via certified mail, return receipt requested, to

(1) NGC Network Asia, LLC
Attn: Ward L Platt
Managing Director,
Facsimile transmission number: 852 2621 8826
[or, absent connection, to updated 852 2621 8822]
One Harbourfront, 8th Floor
18 Tak Fung Street
Hunghom, Kowloon
Hong Kong SAR

with a copy via fax to

(2) Geng Wei-min
Director - Distribution China
Facsimile transmission number: 86 10 8529 8462
Director - Distribution China
1301, North Tower
Beijing Kerry Centre
1 Guanghua Road, Chaoyang District
Beijing 100020 China

**PLAINTIFF'S NOTICE OF INTENT/AMENDED CLAIM**

17

LAW OFFICES OF JOHN F L KERB
1541 OCEAN AVENUE, 2nd FLOOR
SANTA MONICA, CALIFORNIA 90401
310/393-0777

2. via certified mail, return receipt requested, and  via FedEx/overnight delivery, to:

NGC Network Asia, LLC / National Geographic Channels International
1145 17th Street, N.W.
Washington, DC 20036-4688
Attn: Vincent D'Ambra
Vice President, Business & Legal Affairs
Tel: 202-912-6730

    I declare, under penalty of perjury under the laws of the State of New York and California, that the foregoing is true and correct.

3/1/07
Date

Signature of Declarant

LAW OFFICES OF JOHN P.L. WEBB
1901 OCEAN AVENUE, 2ND FLOOR
SANTA MONICA, CALIFORNIA 90405
310.870.3077