# OFFICE COPY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| NGC NETWORK ASIA, LLC, | |
| Petitioner, | Index No. _600912/07_ |
| vs. | |
| PAC PACIFIC GROUP INTERNATIONAL, INC. OF USA, | |
| Respondent. | |

## MEMORANDUM OF LAW IN SUPPORT OF PETITIONER NGC NETWORK ASIA, LLC'S PETITION FOR STAY OF ARBITRATION

Matthew Solum
Carl LeSueur
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-6460

*Counsel for Petitioner NGC Network Asia, LLC*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................................ ii

INTRODUCTION ............................................................................................................................ 1

STANDARD OF REVIEW .............................................................................................................. 1

BACKGROUND .............................................................................................................................. 1

1.  EACH AND EVERY ONE OF RESPONDENT'S CLAIMS FAILS UNDER
    THE APPLICABLE STATUTE OF LIMITATIONS .......................................................... 3

    (a)  The California Statutes of Limitations Apply to PPGI's Claims. ........................... 4

    (b)  The Action for Fraud Accrued No Later than October 21, 2001 and Is
         Barred By the Statute of Limitations ....................................................................... 5

    (c)  PPGI's Claims Based Upon Express Contract, and Rescission of Contract
         Are Barred by the Statute of Limitations ................................................................. 5

    (d)  PPGI's Claims For Quantum Meruit and Unjust Enrichment Are Barred
         by the Statute of Limitations .................................................................................... 6

2.  NATIONAL GEOGRAPHIC IS ENTITLED TO RECOVER ITS ATTORNEYS
    FEES AND COSTS ............................................................................................................... 7

CONCLUSION ................................................................................................................................. 9

i

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Auerbach v. Vnescheconomicbank,*
    280 F. Supp. 2d 945 (N.D. Cal. 2003) .............................................................................. 5

*Brown v. Shimano Indus. Co., Ltd.,*
    No. CV-89-2717, 1992 WL 79303 (9th Cir. Feb. 6, 1992) ................................................. 6

*Donahue v. United Artists Corp.,*
    2 Cal. App. 3d 794, 83 Cal. Rptr. 131 (2d Dist. 1969) ........................................................ 7

*Frazier v. Metropolitan Life Ins. Co.,*
    169 Cal. App. 3d 90, 214 Cal. Rptr. 883 (2d Dist. 1985) ................................................... 6

*Freeman v. Bianco,*
    No. 02 Civ. 7525, 2003 WL 179777 (S.D.N.Y. 2003) ........................................................ 4

*Global Fin. Corp. v. Triarc Corp.,*
    93 N.Y.2d 525, 715 N.E.2d 482 (N.Y. 1999) ..................................................................... 4

*In re Fincher,*
    119 Cal. App. 3d 343, 174 Cal. Rptr. 18 (2d Dist. 1981) .................................................... 7

*Krieger v. Nick Alexander Imports, Inc.,*
    234 Cal. App. 3d 205, 285 Cal. Rptr. 717 (2d Dist. 1991) ................................................. 6

*Raine v. RKO General, Inc.,*
    No. 94 CIV. 4986 (DLC), 1996 WL 131816 (S.D.N.Y. Mar. 25, 1996) ............................ 4

*Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc.,*
    269 F. Supp. 2d 356 (S.D.N.Y. 2003) ................................................................................. 8

*Sears, Roebuck & Co. v. Enco Assoc.,*
    43 N.Y.2d 389, 401 N.Y.S.2d 767, 372 N.E.2d 555 (1977) ............................................... 3

*Smith Barney, Harris Upham & Co., Inc. v. Luckie,*
    85 N.Y.2d 193, 647 N.E.2d 1308, 623 N.Y.S.2d 800 (1995) ............................................. 1

*Sonnicksen v. Sonnicksen's Estate,*
    23 Cal. App.2d 480, 73 P.2d 646 (1st Dist. 1937) ............................................................... 7

*Tanges v. Heidelberg,*
    93 N.Y.2d 48, 687 N.Y.S.2d 604, 710 N.E.2d 250 (1999) ................................................. 3

*Walsh v. Maryland Bank, N.A.,*
    806 F. Supp. 437 (S.D.N.Y. 1992) ...................................................................................... 4

Case 1:07-cv-02855-PAC   Document 1-5   Filed 04/10/2007   Page 4 of 13

*Wang v. New York Transit, Inc.*,
   No 91 Civ. 8695, 1997 WL 642557 (S.D.N.Y. Oct. 16, 1997) ............................................8

*Whorton v. Dillingham*,
   202 Cal. App. 3d 447, 248 Cal. Rptr. 405 (4th Dist. 1988) ...........................................6

*Zecos v. Nicholas-Applegate Capital Mgt.*,
   42 Fed. Appx. 31 (9th Cir. 2002) ...............................................................................5

## Statutes

California Code of Civil Procedure § 337 ..........................................................................6

California Code of Civil Procedure § 338 ..........................................................................5

California Code of Civil Procedure § 339 ..........................................................................6

New York Civil Practice Law and Rules § 202 ..................................................................4

New York Civil Practice Law and Rules § 7502 ...............................................................3

New York Civil Practice Law and Rules § 7503 ...............................................................1

## Other Authorities

3 Witkin, California Procedure, Actions § 375 (3d ed. 1985) .............................................6

PAGE 05                ROBERT POWSNER                4156631450        14:44   04/09/2007

## INTRODUCTION

After waiting nearly six years after the alleged wrongdoing, Respondent PAC Pacific Group International, Inc. of USA ("PPGI") has for the first time commenced an arbitration asserting various claims for breach of contract and fraud against Petitioner NGC Network Asia, LLC ("National Geographic"). Throughout this time, PPGI did nothing more than send infrequent correspondence to National Geographic alleging that PPGI had claims against National Geographic. After *years* of sitting on its hands, only now has PPGI commenced arbitration. Because PPGI waited so long, all of its claims are time-barred and should be dismissed with prejudice. Further, pursuant to the parties' agreement, National Geographic should be awarded its attorneys' fees and costs incurred in this proceeding.

## STANDARD OF REVIEW

Where a choice of law provision in a contract provides that New York law governs the enforcement of the contract, then the question of whether the claims in arbitration are barred by the statute of limitations is a question for the court to decide. NY CPLR § 7503; *see also Smith Barney, Harris Upham & Co., Inc. v. Luckie*, 85 N.Y.2d 193, 204, 647 N.E.2d 1308, 1314, 623 N.Y.S.2d 800, 806 (1995) (where parties have agreed to arbitration conducted under New York law, the statute of limitations question is to be considered by the court before the matter goes to arbitration).

## BACKGROUND

In or about October 2000, National Geographic, PPGI, International Creative Management, Inc. ("ICM"), and China Central Television ("CCTV") entered into a binding Memorandum of Understanding (the "MOU"). (Affirmation of Carl D. LeSueur, dated March 21, 2007 ("LeSueur Aff.") Ex. A.) Pursuant to the MOU, National Geographic agreed to provide CCTV a certain amount of programming. In return, CCTV agreed to give National Geographic a

certain amount of advertising time in connection with the transmission of those programs, and also agreed to "grant the right to National Geographic to sell sponsorships for each Program." Under the MOU, National Geographic, PPGI, and CCTV each received a share of the net advertising revenue. (LeSueur Aff. Ex. A ¶¶ 10, 10.4.) If National Geographic determined that it was not generating sufficient revenue, the MOU authorized National Geographic to terminate the MOU early. In or around September 2001, National Geographic notified PPGI that National Geographic would terminate the Memorandum of Understanding on October 21, 2001, due to lack of revenue. (LeSueur Aff. Ex. B.)

The MOU contains a provision regarding arbitration of disputes:

> In the event of a dispute concerning advertising and/or sponsorship for the Programs pursuant to this MOU, such a dispute will be resolved by arbitration in New York, New York . . . in accordance with the laws of the State of New York, New York, United States of America, and with the then existing rules for Commercial Arbitration of the American Arbitration Association . . . The prevailing Party(s) in either such arbitration shall recover its reasonable out-of-pocket costs and attorneys' fees from the losing Party(s).

(LeSueur Aff. Ex. A at ¶ 19.)

On March 1, 2007, PPGI sent National Geographic a notice of its intent to arbitrate claims supposedly arising out of National Geographic's 2001 termination of the MOU. However, the MOU only gave National Geographic the right -- not the obligation -- to sell advertising for the CCTV programming, and nowhere in the MOU was National Geographic obligated to provide a minimum amount of revenue if advertising was not obtained. (*See* LeSueur Aff. Ex. A.) That the programming failed to generate sufficient advertising revenues and that National Geographic therefore terminated the MOU is not a breach of any obligation of National Geographic under the MOU. (LeSueur Aff. Ex. A.) Rather, such termination is expressly contemplated by the MOU. (LeSueur Aff. Ex. A.)

2

Not only are PPGI's claims meritless, they are time-barred. PPGI failed to make any attempt to timely commence an arbitration proceeding. (LeSueur Aff. ¶¶ 10-11.) Despite its claims supposedly arising out of the October 21, 2001 termination of the MOU, PPGI waited until years later -- on March 1, 2007 -- to file and serve National Geographic with a notice of intent to arbitrate ("Arbitration Demand"). (LeSueur Aff. Exs. C, D.)[1]

Because the applicable statutes of limitations bar the arbitration as a matter of law, the arbitration should be permanently stayed and National Geographic is entitled to recover attorneys' fees and costs for this proceeding.

## ARGUMENT

## 1. EACH AND EVERY ONE OF RESPONDENT'S CLAIMS FAILS UNDER THE APPLICABLE STATUTE OF LIMITATIONS.

All of PPGI's claims are time-barred under applicable statute of limitations periods. The applicable statute of limitations are determined by New York Law. *See Tanges v. Heidelberg*, 93 N.Y.2d 48, 53-54, 687 N.Y.S.2d 604, 710 N.E.2d 250 (1999) (statutes of limitations are primarily procedural and the laws of the forum state apply); *Sears, Roebuck & Co. v. Enco Assoc.*, 43 N.Y.2d 389, 397, 401 N.Y.S.2d 767, 372 N.E.2d 555 (1977) (same); (*see also* LeSueur Aff. Ex. A at ¶ 19) ( "in the event of any dispute concerning advertising and/or sponsorship for the Programs pursuant to this MOU, such a dispute will be resolved by arbitration in New York, New York . . . in accordance with the laws of the State of New York, United States of America, and with the then existing rules for Commercial Arbitration of the

---

[1] PPGI claims to have sent a notice of intent to arbitrate to National Geographic by facsimile in October 2003. That "notice" was inherently defective, but assuming the notice was sent, it was wholly deficient and ineffectual because (a) the notice was not properly served; (b) the contents of the notice did not conform with the requirements of NY CPLR § 7502; and (c) the notice was not made in connection with any actual arbitration proceeding.

American Arbitration Association"). For these reasons, New York law determines the applicable limitations period for each of the respondent's claims.

(a)   The California Statutes of Limitations Apply to PPGI's Claims.

Here, Respondent is not a New York resident and its claims do not arise in New York and, accordingly, New York law requires the application of the shorter of New York's limitations period or the limitations period of the State where the claim accrued. NY CPLR § 202. The New York Court of Appeals has explained that the purpose of this "borrowing statute" is to "prevent non-residents from shopping in New York for a favorable Statute of Limitations." *Global Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 528, 715 N.E.2d 482, 484 (1999); *see also Walsh v. Maryland Bank, N.A.*, 806 F. Supp. 437, 443 (S.D.N.Y. 1992). Where "it is undisputed that [the party's] claims do not arise in New York and he is not a New York resident" -- as is the case here -- New York courts will apply the shorter of the two limitations periods. *Triarc Corp.*, 93 N.Y.2d at 528, 715 N.E.2d at 484; *see Freeman v. Bianco*, No. 02 Civ. 7525, 2003 WL 179777, at *4 (S.D.N.Y. 2003) (applying borrowing statute to tort and breach of contract claims); *Walsh*, 806 F. Supp. at 443.

For the purposes of determining the State where the claim accrued, the New York Court of Appeals specifically held that for both tort and breach of contract claims alleging only economic injury, as is the case here, a cause of action accrues where the party is injured. *Triarc Corp.*, 93 N.Y.2d at 528, 715 N.E.2d at 484 (goal of NY CPLR § 202 is served by applying a rule "requiring the single determination of a plaintiff's residence" to determine where the claims arose); *see also Raine v. RKO General, Inc.*, No. 94 CIV. 4986 (DLC), 1996 WL 131816, at *3 (S.D.N.Y. Mar. 25, 1996) ("In cases of economic injury . . . the cause of action accrues where the economic injury was sustained.").

In this case, PPGI is a resident of the State of California. (LeSueur Aff. at ¶ 5.) As such, PPGI's cause of action accrued in California. Therefore, New York law requires the application of the shorter of the statutes of limitations of New York and California. And, since all of PPGI's claims are time-barred by the applicable California statutes of limitations, PPGI's claims are all time-barred and its claims should be dismissed with prejudice.

(b)    The Action for Fraud Accrued No Later than October 21, 2001
and Is Barred By the Statute of Limitations.

PPGI failed to commence an action for fraud (Third Cause of Action) within the required three-year period. Cal. Code Civ. Proc. § 338. An action for fraud accrues in California when the party discovers the facts concerning the elements of the fraud. Cal. Code Civ. Proc. § 338(d); *Zecos v. Nicholas-Applegate Capital Mgt.*, 42 Fed. Appx. 31, 32 (9th Cir. 2002); *Auerbach v. Vneschexonomicbank*, 280 F. Supp. 2d 945, 956 (N.D. Cal. 2003).

In this case, the latest date at which the fraud claim could have accrued was the date when PPGI had knowledge of all of these facts: October 21, 2001. With respect to fraud, PPGI alleges that National Geographic made certain misrepresentations during the negotiation of the MOU in 2000 (LeSueur Aff. Ex. C at ¶¶ 6-7, 17) and PPGI discovered the truth when National Geographic informed PPGI that it would not be receiving any advertising revenues and that National Geographic was terminating the contract as of October 21, 2001. Thus, PPGI was on notice of the supposed fraud as of October 21, 2001.

Yet, PPGI did not commence arbitration until 2007, *more than five years later*. For these reasons, PPGI's fraud claim is time-barred and should be dismissed with prejudice.

(c)    PPGI's Claims Based Upon Express Contract,
and Rescission of Contract Are Barred by the Statute of Limitations.

PPGI failed to commence its claims for breach of contract (First Cause of Action), breach of the implied covenant of good faith and fair dealing (Second Cause of Action), and

5

rescission (Fourth and Fifth Causes of Action) within the applicable four-year statute of limitations. Cal. Code Civ. Proc. § 337 (actions on breach of express contract and for rescission subject to four-year statute of limitations); see *Frazier v. Metropolitan Life Ins. Co.*, 169 Cal. App. 3d 90, 101, 214 Cal. Rptr. 883, 889 (2d Dist. 1985) (claim for breach of implied covenant of good faith and fair dealing is subject to limitations period of Cal. Code Civ. Proc. § 337).

It is well-settled that a cause of action for breach of contract -- including breach of the implied covenant of good faith and fair dealing -- accrues at the time of breach. *Whorton v. Dillingham*, 202 Cal. App. 3d 447, 456, 248 Cal. Rptr. 405, 411 (4th Dist. 1988); 3 Witkin, Cal. Proc., Actions § 375, at 402 (3d ed. 1985); see, e.g., *Krieger v. Nick Alexander Imports, Inc.*, 234 Cal. App. 3d 205, 221-222, 285 Cal. Rptr. 717, 727 (2d Dist. 1991) (cause of action for implied covenant of good faith and fair dealing accrues at time of breach where there is no extracontractual fiduciary duty). Here, the contract was supposedly breached on October 21, 2001. Thus, the statute of limitations period for any such action ran on October 21, 2005. Respondent's commencement of an action for these breaches one and a half years after the period for bringing such a claim has ended is clearly untimely and, accordingly, each of these claims should be dismissed with prejudice.

(d)    PPGI's Claims For Quantum Meruit and Unjust Enrichment Are Barred by the Statute of Limitations

PPGI's claims for quantum meruit (Sixth Cause of Action) and unjust enrichment (Seventh Cause of Action) also fail because they were not brought within the applicable two-year statute of limitations. Cal. Code Civ. Proc. § 339; *Brown v. Shimano Indus. Co., Ltd.*, No. CV-89-2717, 1992 WL 79303, *1 (9th Cir. Feb. 6, 1992) (statute of limitations for unjust enrichment claims is two years under Cal. Code Civ. Proc. § 339).

6

Causes of action for quantum meruit and unjust enrichment accrue at the time of the alleged breach. *In re Fincher*, 119 Cal. App. 3d 343, 352, 174 Cal. Rptr. 18, 23 (2d Dist. 1981) ("The general rule is that a suit for breach of an implied agreement accrues at the time of the breach.") citing *Donahue v. United Artists Corp.*, 2 Cal.App.3d 794, 802, 83 Cal. Rptr. 131 (2d Dist. 1969). Here, these claims accrued at the same time as the rest of the claims -- on October 21, 2001. Indeed, PPGI's claim of quantum meruit is expressly premised upon acts that PPGI undertook prior to and in preparation for the execution of the MOU in 2001. (LeSueur Aff. Ex. C at ¶ 24.) Any such claim clearly accrued no later than the termination of the MOU on October 21, 2001. *See Sonnicksen v. Sonnicksen's Estate*, 23 Cal. App.2d 480, 481-482, 73 P.2d 646, 646 (1st Dist. 1937) ("alleged cause of action, if any, upon a quantum meruit accrued not later than the time of the termination of the written agreement"). Similarly, PPGI's claim of unjust enrichment is premised upon alleged branding status of National Geographic attained through self-sponsorship. (*See* LeSueur Aff. Ex. C at ¶¶ 26-28.) Any advertising for National Geographic on CCTV after the termination of the contract could not have been based upon PPGI's expectation of consideration. Therefore, the latest date upon which the cause of action for unjust enrichment accrued must be October 21, 2001. That period of limitations ran on October 21, 2003 -- *three and a half years* prior to the commencement of the arbitration for these claims. For these reasons, these claims are both time-barred and should be dismissed as a matter of law.

## 2. NATIONAL GEOGRAPHIC IS ENTITLED TO RECOVER ITS ATTORNEYS FEES AND COSTS

Not only should all of PPGI claims be dismissed with prejudice, but National Geographic should also be awarded its attorneys' fees and costs in this matter. Pursuant to the parties' agreement, the prevailing party in the arbitration under the agreement is to be awarded

fees. (LeSueur Aff. Ex. A at ¶ 19.) Where a contract contains a fee-shifting provision, the prevailing party in a motion to stay arbitration or to stay litigation pending arbitration is entitled to attorneys' fees. *Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc.*, 269 F. Supp. 2d 356, 367 (S.D.N.Y. 2003) (party who successfully defeated motion to stay arbitration was entitled to fees under fee-shifting provision of contract); *Wang v. New York Transit, Inc.*, No 91 Civ. 8695, 1997 WL 642557, at *2 (S.D.N.Y. Oct. 16, 1997) (Respondent was entitled to attorneys' fees for costs incurred in successfully seeking a stay of the action pending arbitration).

For these reasons, National Geographic should be awarded its attorneys' fees and costs in this matter.

**[remainder of page is intentionally blank]**

## CONCLUSION

For all of the foregoing reasons, National Geographic respectfully requests that this Court dismiss these claims with prejudice, award National Geographic its attorneys' fees and costs, and grant such other relief as this Court deems appropriate.

Dated: March 21, 2007

Respectfully submitted,

Matthew Solum
Carl D. LeSueur
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-6460

*Counsel for Petitioner NGC Network Asia, LLC*

6