SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

NGC NETWORK ASIA, LLC,

               Petitioner,

   vs.

PAC PACIFIC GROUP INTERNATIONAL, INC.
OF USA,

               Respondent.

---

Index No. _600 912/07_

**PETITION FOR
STAY OF ARBITRATION**

Petitioner NGC Network Asia, LLC, ("National Geographic") alleges as follows:

## NATURE OF ACTION

1.     Respondent, PAC Pacific Group International, Inc. of USA ("PPGI") commenced an arbitration in March 2007, asserting claims against National Geographic. All of the claims asserted therein are barred by the applicable statutes of limitations and, accordingly, should be dismissed.

## PARTIES

2.     Petitioner, NGC Network Asia, LLC ("National Geographic"), is a Delaware limited liability company with its principal place of business at One Harbourfront, 18 Tak Fung Street, Hunghom, Kowloon, Hong Kong, China.

3.     At all times hereinafter mentioned, respondent PAC Pacific Group International, Inc. of USA ("PPGI") was and is a corporation duly organized under and existing by the laws of

the State of California. At all times hereinafter mentioned, respondent, PPGI, maintained and still maintains its principal place of business at 222 Amalfi Drive, Santa Monica, CA 90402.

## BACKGROUND

### *The Memorandum of Understanding and Termination*

4.     In or about October, 2000 National Geographic, PPGI, International Creative Management, Inc. ("ICM"), and China Central Television ("CCTV") entered into a binding Memorandum of Understanding (the "MOU").

5.     Pursuant to the MOU, National Geographic agreed to provide CCTV a certain amount of programming. In return, CCTV agreed to give National Geographic a certain amount of advertising time in connection with the transmission of those programs, and also agreed to "grant the right to [National Geographic] to sell sponsorships for each Program." The MOU also provides that National Geographic, PPGI, and CCTV each receive a share of the net advertising revenue.

6.     The MOU provides that National Geographic could terminate the MOU early if the programming did not generate sufficient advertising revenue. In addition, paragraph 19 of the MOU provides, in pertinent part:

> In the event of a dispute concerning advertising and/or sponsorship for the Programs pursuant to this MOU, such a dispute will be resolved by arbitration in New York, New York . . . in accordance with the laws of the State of New York, New York, United States of America, and with the then existing rules for Commercial Arbitration of the American Arbitration Association . . . The prevailing Party(s) in either such arbitration shall recover its reasonable out-of-pocket costs and attorneys' fees from the losing Party(s).

7.     In or around September 2001, National Geographic notified PPGI that National Geographic would terminate the Memorandum of Understanding on October 21, 2001, due to lack of revenue.

2

cmp

***PPGI's Commences Arbitration in 2007***

8.   On March 1, 2007, PPGI sent National Geographic by certified mail, return receipt requested on March 1, 2007 the following:  (a) Plaintiff's Notice of Intent to Arbitrate (the "2007 Notice of Intent to Arbitrate"); (b) Notice to Defendant of Defendant's Deadline to Apply to Stay the Arbitration Within Twenty Days After Service of These Arbitration Documents and This Notice On Defendant, and Related Consequences; and (c) Plaintiff's Amended Claim.

9.   National Geographic never received a demand for arbitration by registered or certified mail until the Arbitration Demand sent by respondents on March 1, 2007.

***The Limitations Period on All of PPGI's Claims Has Passed and the Claims Are Time-barred***

10.   Each of PPGI's claims accrued in California.

11.   Each of PPGI's claims accrued no later than the date of the termination of the MOU on October 21, 2001 and, accordingly, the applicable statutes of limitations bars each and every one of PPGI's claims.

12.   There has been no previous application for the relief demanded herein in this or any other Court.

13.   National Geographic hereby timely files this petition within twenty days of service of the Arbitration Demand.

## REQUEST FOR RELIEF

WHEREFORE, National Geographic respectfully requests this Court grant the following relief:

(a)   dismissal of all of Respondent's claims with prejudice;

3

(b)     an award of Petitioner's attorneys' fees and costs; and

(c)     such other and further relief as the Court deems just and proper.

Dated: March 21, 2007

Matthew Solum
Carl D. LeSueur
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
Telephone: (212) 446-6460
Facsimile: (212) 446-4900

*Counsel for Petitioner NGC Network Asia, LLC*

4

UCS-840 (REV 1/2000)

# REQUEST FOR JUDICIAL INTERVENTION

SUPREME COURT,   NEW YORK COUNTY

INDEX NO.: 600912/07
DATE PURCHASED: 3/21/07

| For Clerk Only |
| --- |

PLAINTIFF(S):

NGC Network Asia, LLC

IAS entry date

-against-

DEFENDANT(S):

PAC Pacific Group International, Inc. of USA

Judge Assigned

RJI Date

Date issue joined:     Bill of particulars served (Y/N):   ☐ Yes   ☒ No

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## NATURE OF JUDICIAL INTERVENTION (check ONE box only AND enter information)

☐ Request for preliminary conference

☐ Note of issue and/or certificate of readiness

☐ Notice of motion (return date    )

Relief sought

☒ Order to show cause
(clerk enter return date: April 12, 2007)
Relief sought

☐ Other ex parte application (specify:  )

☐ Notice of petition (return date:    )
Relief sought

☐ Notice of medical or dental malpractice action (specify:  )

☐ Statement of net worth

☐ Writ or habeas corpus

☐ Other (specify:  )

RECEIVED
MAR 21 2007
NEW YORK
COUNTY CLERK'S OFFICE

## NATURE OF ACTION OR PROCEEDING (check ONE box only)

### MATRIMONIAL
☐ Contested — CM
☐ Uncontested — UM

### COMMERCIAL
☐ Contract — CONT
☐ Corporate — CORP
☐ Insurance (where insurer is a party, except arbitration) — INS
☐ UCC (including sales, negotiable instruments) — UCC
☒ *Other Commercial - ARBITRATION — OC

### REAL PROPERTY
☐ Tax Certiorari — TAX
☐ Foreclosure — FOR
☐ Condemnation — COND
☐ Landlord/Tenant — LT
☐ *Other Real Property — ORP

### OTHER MATTERS
☐ * — OTH

### TORTS
☐ Medical/Podiatric Dental — MM
☐ *Other Professional — OPM
☐ Motor Vehicle — MV
☐ *Products Liability — PL
☐ Environmental — EN
☐ Asbestos — ASB
☐ Breast Implant — BI
☐ *Other Negligence — OTN
☐ *Other Tort (including intentional) — OT

### SPECIAL PROCEEDINGS
☒ Art. 75 (Arbitration) — ART75
☐ Art. 77 (Trusts) — ART77
☐ Art. 78 — ART78
☐ Election Law — ELEC
☐ Guardianship (MHL Art. 81) — GUARD81
☐ *Other Mental Hygiene — MHYG
☐ *Other Special Proceeding — OSP

Check "YES" or "NO" for each of the following questions:

Is this action/proceeding against a

| YES | NO | | YES | NO | |
| ☐ | ☒ | Municipality: (Specify     ) | ☐ | ☒ | Public Authority: (Specify     ) |

| YES | NO | |
| ☒ | ☐ | Does this action/proceeding seek equitable relief? |
| ☐ | ☒ | Does this action/proceeding seek recovery for personal injury? |
| ☐ | ☒ | Does this action/proceeding seek recovery for property damage? |

Pre-Note Time Frames:

(This applies to all cases except contested matrimonials and tax certiorari cases)
Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue):
☒ Expedited: 0-8 months     ☐ Standard: 9-12 months     ☐ Complex: 13-15 months

Contested Matrimonial Cases Only: Check and give date)

| | | |
| Has summons been served? | ☐ No | ☐ Yes, Date |
| Was a Notice of No Necessity filed? | ☐ No | ☐ Yes, Date |

ATTORNEY(S) FOR PLAINTIFF(S):

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| ☐ | Kirkland & Ellis, LLP Carl D. LeSueur | Citigroup Center, 153 E. 53rd Street, New York, NY 10022 | 212 446-4800 |
| ☐ | | | |

ATTORNEY(S) FOR DEFENDANT(S):

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| ☐ | John F. L. Hebb, Law Office of John F. L. Hebb | 1541 Ocean Avenue, Suite 200 Santa Monica, CA 90401-2100 | 310-455-3146 |
| ☐ | | | |

*Self Represented: parties representing themselves, without an attorney, should check the "Self Rep." Box and enter their name, address, and phone # in the space provided above for attorneys.

INSURANCE CARRIERS:

None

RELATED CASES: (IF NONE, write "NONE" below)

| Title | Index # | Court | Nature of Relationship |
|---|---|---|---|
| None | | | |

I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: March 21, 2007

Signature Carl D. LeSueur

KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022

ATTORNEY FOR   NGC Network Asia, LLC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

NGC NETWORK ASIA, LLC

Petitioner,

- against -

PAC PACIFIC GROUP INTERNATIONAL,
INC. OF USA

Defendant.

Index No.: 600912/07

**STATEMENT IN SUPPORT OF
REQUEST FOR ASSIGNMENT TO
COMMERCIAL DIVISION**

Carl D. LeSueur, counsel for NGC Network Asia, LLC ("National Geographic"), the Petitioner in this matter, submits this Statement and the accompanying copy of the pleadings, pursuant to Section 202.70(d) (2) of the Uniform Rules for the Trial Courts, in support of the request of said party that this matter be assigned to the Commercial Division of this court.

(1) I have reviewed the standards for assignment of cases to the Commercial Division set forth in Section 202.70. This case meets those standards. I therefore request that this case be assigned to the Division.

(2) The sums at issue in this case (exclusive of punitive damages, interest, cost, disbursements, and counsel fees claimed) are equal to or in excess of the monetary threshold of the Division in this county as set out in Subdivision (a) of said Section, or equitable or declaratory relief is sought, in that the respondent seeks damages in excess of two million dollars in arbitration.

(3) This case falls within the standards set out in Subdivision (b) of the Section and does not come within the groups of cases set out in Subdivision (c) that will not be heard in the Division, in that THE PETITION CONCERNS AN APPLICATION TO STAY ARBITRATION PURSUANT TO CPLR ARTICLE 75.

Dated:   March 21, 2007

Carl D. LeSueur

Kirkland & Ellis, LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022

(212) 446-4800
(212) 446-4900

Attorneys for NGC Network Asia, LLC

At the I.A.S. Term, Part 60 of the Supreme
Court of the State of New York, held in the
County of New York, at the County
Courthouse, on the ___ day of _____,
2007

Present Hon. __B. Fried__
                    Justice

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

NGC NETWORK ASIA, LLC,

                                                    :
                                                    :
                                                    :
                                                    :       Index No. 600912 / 07
                                                    :
              Plaintiffs,                           :
                                                    :
                                                    :
     vs.                                            :
                                                    :
PAC PACIFIC GROUP INTERNATIONAL, INC.               :       ORDER TO SHOW CAUSE
OF USA,                                             :
                                                    :       MOTION SEQUENCE # 001
                                                    :
                                                    :
                                                    :
                                                    :
              Defendants.                           :
                                                    :

---

Upon the annexed petition of NGC Network Asia, LLC ("National Geographic"), the
Memorandum of Law in support thereof, and the Affidavit of Carl D. LeSueur and the exhibits
attached thereto, including PAC Pacific Group International, Inc. of USA's ("PPGI") notice of
intent to arbitrate dated February 28, 2007, it is hereby

ORDERED that respondent, PPGI, show cause at IAS Part 60 of this court, at a
hearing to be held at the Courthouse, located at 60 Centre Street, New York, New York, on the
12 day of March 2007, why an Order should not be entered permanently staying the arbitration

@ 12 ⁴ᵗʰ pm Noon

proceeding instituted by the respondent, PPGI, against the petitioner, National Geographic, and

all proceedings therein pursuant to § 7503(b) of the CPLR, and dismissing with prejudice all

claims made therein, upon the ground that all claims made therein are barred by the applicable

statutes of limitations, and for such other and further relief as this court deems just and proper,

and

ORDERED, that pending the hearing upon this application, the arbitration between the

petitioner, National Geographic, and the respondent, PPGI, and all proceedings therein are hereby

stayed.

ORDERED, that sufficient cause being alleged therefore, let service of a copy of this

Order, together with the papers on which it was granted upon

John F.L. Hebb
Law Offices of John F.L. Hebb
1541 Ocean Avenue, Suite 200
Santa Monica, California 90401-2100

by overnight delivery, on or before the 26th day of March, 2007, be deemed sufficient service.

Opposition papers, if any, shall be served by overnight delivery upon

Matthew Solum
Kirkland & Ellis, LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

on or before the 9th day of April, 2007.

ENTERED

Justice of the Supreme Court

**BERNARD J. FRIED**
J.S.C.

**ORAL ARGUMENT**
**DIRECTED**

J.S.C.
**BERNARD J. FRIED**

2