JOHN F. L. HEBB  (SBN 108391)
LAW OFFICES OF JOHN F. L. HEBB
1541 Ocean Avenue, Suite 200
Santa Monica, CA  90401
TEL:  310/393-3077, FAX:  310/496-0456
*JOHNFLHEBB@aol.com*

ROBERT H. POWSNER  (SBN 24386)
LAW OFFICES OF ROBERT H. POWSNER
11315 Shoreline Street, Suite C, P.O. Box 1327
Point Reyes Station, CA 94956
TEL:  415/663-1035, FAX:  415/663-1450
*Powsner@aol.com*

AVRUM  J. ROSEN   (AJR4016)
FRED S. KANTROW   (FK3499)
LAW OFFICES OF AVRUM J. ROSEN
38 New Street, Huntington, New York 11743-3327
Tel: 631-423-8527, Fax: 631-423-4536
*FKantrow@AvrumRosenLaw.com*

Attorneys for Respondent
[Plaintiff in Arbitration], and
Cross-Petitioner
PAC PACIFIC GROUP INT'L,
INC. OF USA ("PPGI")

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **NGC NETWORK ASIA, LLC ["NGCA"],**<br><br>          Petitioner,<br><br>vs.<br><br><br>**PAC PACIFIC GROUP INT'L, INC. OF USA ["PPGI"],**<br><br>          Respondent.<br>========================= | USDC CASE NO.<br>**1:07-CV-2855**<br><br>**On Removal from NY Supreme Ct. No. 600912/07**<br><br>**[Amer. Arb'n Assn.  No. 50 181 T 00079 07]**<br><br><br>**1. RESPONSE TO PETITION TO STAY ARBITRATION;**<br><br>**2. CROSS-PETITION TO COMPEL ARBITRATION; AND** |

**1. RESPONSE TO PETITION TO STAY ARBITRATION; 2. CROSS-PETITION TO COMPEL ARBITRATION; 3. REQUEST FOR THRESHOLD HEARING UNDER FEDERAL ARBITRATION ACT**

1

| | |
|---|---|
| **AMERICAN ARBITRATION ASSOCIATION**<br>***ARBITRATION IN THE MATTER OF***:<br><br>**PAC PACIFIC GROUP INT'L, INC. OF USA ["PPGI"],**<br><br>          **Plaintiff**<br>**vs.**<br>**NGC NETWORK ASIA, LLC ["NGCA"],**<br><br>          **Defendant** | **3. REQUEST FOR THRESHOLD HEARING UNDER THE FEDERAL ARBITRATION ACT** |

Respondent PAC PACIFIC GROUP INT'L, INC. OF USA ["PPGI"] hereby

**(1)** responds to the petition to stay arbitration brought by NGC NETWORK ASIA, LLC ["NGCA"] in New York Supreme Court, and removed by PPGI to this court under diversity jurisdiction;

**(2)** cross-petitions to compel arbitration; and

**(3)** requests a threshold hearing under the Federal Arbitration Act ["FAA"] as to both the petition and cross-petition to determine whether the FAA applies to the parties' arbitration agreement at issue, and if so whether the basis for NGCA's

**1. RESPONSE TO PETITION TO STAY ARBITRATION; 2. CROSS-PETITION TO COMPEL ARBITRATION; 3. REQUEST FOR THRESHOLD HEARING UNDER FEDERAL ARBITRATION ACT**

2

petition and PPGI's opposition involve issues which under the FAA are exclusively\* for the arbitrator to decide, and the court's role thus limited to directing the parties to immediately proceed to their arbitration pending before the American Arbitration Association, or other mutually agreed arbitral entity,

as follows:

---

\*   This would be because, on the basis of the allegations in NGCA's petition, and below in PPGI's response and cross-petition, under the parties' agreement the Federal Arbitration Act's provisions and related controlling case law mandate that, where (as in section 19 of the "MOU" quoted in paragraph 6 of NGCA's petition to stay), the parties' agreement has a choice of law provision that does not expressly call for *"enforcement"* of that agreement under such law, then the statute of limitations defense and any and all other issues raised by respondent's adversary NGCA are exclusively for the arbitrator to determine

By way of example only:
Howsam v. Dean Witter Reynolds (2002) 537 US 79, 84, 123 ,quoting Moses H. Cone Memorial Hospital v. Mercury Construction (1983) 460 US 1, 25, and endorsed by the New York Court of Appeals in Diamond Waterproofing Systems, Inc. v. 55 Liberty Owners Corp. (2005) 793 NYS2d 831, wherein, inter alia, its earlier Luckie case was distinguished:

" A choice of law provision, which states that New York law shall govern both "the agreement *and its enforcement*," adopts as "binding New York's rule that threshold Statute of Limitations questions are for the courts" (id.).   <u>In the absence of more critical language concerning enforcement, however, all controversies, including issues of timeliness, are subjects for arbitration</u> (see id.)".

[first emphasis, and all quotation marks, are the court's]

*[footnote continued next page]*

**1. RESPONSE TO PETITION TO STAY ARBITRATION; 2. CROSS-PETITION TO COMPEL ARBITRATION; 3. REQUEST FOR THRESHOLD HEARING UNDER FEDERAL ARBITRATION ACT**

3

# 1. RESPONSE TO PETITION TO STAY ARBITRATION

1. Responding to the allegation enumerated 1 in NGCA's petition to stay arbitration, PPGI admits that it commenced a formal arbitration proceeding in March 2007, but denies the implicit allegation that it only commenced an arbitration in March 2007; in truth and in fact, under the parties' agreement at issue, that certain Memorandum of Understanding ["MOU"], PPGI commenced arbitration on 10/4/03 by giving written notice of intent to arbitrate pursuant to section 19 of the MOU, following which notice NGCA failed, refused and otherwise neglected to arbitrate despite repeated subsequent PPGI's efforts up through and including PPGI using the elective available process of New York CPLR 7503, and an essentially simultaneous initiation of formal proceedings with the AAA, to spur NGCA into action, that action being a further resistance to arbitration in the form of NGCA's present petition to stay arbitration which PPGI intended, absent NGCA agreeing to arbitration, since it put the litigation-initiation burden on NGCA.

2. Responding to the allegation enumerated 2 in NGCA's petition to stay arbitration, PPGI admits, on information and belief, the allegations as to petitioner's business structure and location.

================================================================

*[fn. cont'd]*   The Second Circuit once again recently re-emphasized this settled issue of law in Shaw Group v Triplefine International (2003) 322 F3d 115 ["Shaw" or "Triplefine"]:

"[T]he plain language of paragraph 15 does not evidence an intent to incorporate New York arbitration law into the parties' agreement. In Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 60-64, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995), the Supreme Court expressly ruled that the mere inclusion of a choice-of-law provision in an arbitration provision does not thereby incorporate state arbitration law. Accord National Union Fire Ins. Co. v. Belco Petroleum Corp., 88 F.3d 129, 134-35 (2d Cir.1996)."

**1. RESPONSE TO PETITION TO STAY ARBITRATION; 2. CROSS-PETITION TO COMPEL ARBITRATION; 3. REQUEST FOR THRESHOLD HEARING UNDER FEDERAL ARBITRATION ACT**

3. Responding to the allegation enumerated 3 in NGCA's petition to stay arbitration, PPGI admits the allegations as to respondent's business structure and location, with the proviso that counsel for respondent upon recent discovery of respondent's temporary suspended status, has since confirmed that respondent has formally regained its present status in good standing with the California Secretary of State.

4. Responding to the allegation enumerated 4 in NGCA's petition to stay arbitration, PPGI admits the allegations as to the parties to and very general nature of the contract at issue.

5. Responding to the allegation enumerated 5 in NGCA's petition to stay arbitration, PPGI admits that the general description thereat of some of the many provisions of the parties' agreement is generally accurate.

6. Responding to the allegation enumerated 6 in NGCA's petition to stay arbitration, PPGI admits the excerpt of section 19 appears accurate, and that the MOU does contain a reference to early termination, but denies that the general characterization is necessarily a full and accurate characterization in context of the whole agreement.

7. Responding to the allegation enumerated 7 in NGCA's petition to stay arbitration, respondent admits that NGCA did notify respondent of its termination intent and purported reason for its action relative to the MOU.

8. Responding to the allegation enumerated 8 in NGCA's petition to stay arbitration, respondent admits it so sent certain documents to NGCA, but denies that petitioner has

**1. RESPONSE TO PETITION TO STAY ARBITRATION; 2. CROSS-PETITION TO COMPEL ARBITRATION; 3. REQUEST FOR THRESHOLD HEARING UNDER FEDERAL ARBITRATION ACT**

5

described those documents accurately; there were two documents, not three, and one of the documents, the one that petitioner has deliberately listed as two separate documents, and conspicuously omitted from its description the document's title reference to PPGI's initial notice of intent to arbitrate served on NGCA on 10/4/03, was entitled:

**"PLAINTIFF'S NOTICE OF INTENT TO ARBITRATE/ AMENDED CLAIM [AMENDMENT OF CLAIM IN PLAINTIFF'S INITIAL NOTICE OF INTENT TO ARBITRATE SERVED ON DEFENDANT 10/4/03]".**

9. Responding to the allegation enumerated 9 in NGCA's petition to stay arbitration, respondent has no knowledge of whether NGCA received such a document in such fashion from any other entity, but acknowledges respondent did not send its initial notice of intent to arbitrate served on NGCA on 10/4/03 by any means other than exactly those called for in the parties' MOU – which did not call for the certified mail procedures specified in the CPLR statute PPGI ultimately electively utilized in a further attempt to spur NGCA into action, as set forth above in item 1 of this response.

10. Responding to the allegation enumerated 10 in NGCA's petition to stay arbitration, respondent responds to petitioner's legal allegation by calling attention to the fact that the contract was to be performed in China.

11. Responding to the allegation enumerated 11 in NGCA's petition to stay arbitration, respondent denies said allegations.

12. Responding to the allegation enumerated 12 in NGCA's petition to stay arbitration, respondent acknowledges that the present petition filed in state court and

**1. RESPONSE TO PETITION TO STAY ARBITRATION; 2. CROSS-PETITION TO COMPEL ARBITRATION; 3. REQUEST FOR THRESHOLD HEARING UNDER FEDERAL ARBITRATION ACT**

6

1   removed to this court is the only application for relief it is aware of.

12. Responding to the allegation enumerated 12 in NGCA's petition to stay arbitration, respondent denies NGCA's petition was filed within twenty days of the 10/4/03 initial demand for arbitration in the dispute between the parties under the MOU.

12.5. As also stated in paragraphs 16-18 below in PPGI's cross-petition to compel arbitration:

(1) the contract at issue, which contract calls for arbitration, involves "commerce" within the meaning of the Federal Arbitration Act, 9 USC 1, sections 1 and 2, and this court has jurisdiction* under 9 USC 1, section 4, inter alia.

(2) There is no dispute between the parties that the parties' contract calls for arbitration and that NGCA is now refusing, failing or neglecting to arbitrate by virtue of its pursuing a court action to stay the arbitration proceedings and attempting to raise before the court certain statute of limitation defenses that, under

===============================================================================
\* Elective use of NY CPLR 7503 does not divest the federal court of jurisdiction:

"Nor did Glenwal's description of the service of its demand for arbitration as pursuant to section 7503(c) of the Civil Practice Law and Rules constitute a waiver of federal jurisdiction. Glenwal merely used the locally provided means for attempting to bring the matter to arbitration before resorting to a court."
Sears Roebuck v Glenwal Co. (1970) 325 FSupp 86, endorsed without reservation by the Second Circuit at Sears Roebuck v Glenwal Co. (1971) 442 F2d 1350.

**1. RESPONSE TO PETITION TO STAY ARBITRATION; 2. CROSS-PETITION TO COMPEL ARBITRATION; 3. REQUEST FOR THRESHOLD HEARING UNDER FEDERAL ARBITRATION ACT**

LAW OFIFICES OF JOHN F.L. HEBB
1541 OCEAN AVENUE, 2ND FLOOR
SANTA MONICA, CALIFORNIA 90401
310/393-3077

the FAA, and controlling case law construing the FAA, are issues exclusively for the arbitrator; by attempting to have a court determine the merits\* of the statute of limitation defenses, NGCA is, under the FAA and controlling case law, failing to comply with the parties' agreement for arbitration.

(3)  Under the FAA, and controlling case law, where there is no issue of the making of the agreement for arbitration or the failure to comply therewith, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

================================================================================
\* As to the merits of the timeliness, PPGI has three independent bases for defeating such *[including that under federal, New York and California law, all causes of action accrued at NGCA's October 2003 refusal to arbitrate, with either a four-year or six-year statue of limitations applicable, such that by any reckoning all PPGI's claims are timely]*, which it will brief for the appropriate tribunal once determined --but at this stage of the proceedings in this court PPGI's understanding is that under the FAA and controlling case law, the pleadings address only the threshold issue of the applicability of the FAA, as, if it applies, then the merits of any timeliness issues are deemed exclusively for the arbitrator.

**1. RESPONSE TO PETITION TO STAY ARBITRATION; 2. CROSS-PETITION TO COMPEL ARBITRATION; 3. REQUEST FOR THRESHOLD HEARING UNDER FEDERAL ARBITRATION ACT**

8

## 2. CROSS-PETITION TO COMPEL ARBITRATION

13. PPGI commenced arbitration on 10/4/03 by giving written notice of intent to arbitrate pursuant to section 19 of the MOU, following which notice NGCA failed, refused and otherwise neglected to arbitrate despite repeated subsequent PPGI's efforts up through and including PPGI using the elective available process of New York CPLR 7503, and an essentially simultaneous initiation of formal proceedings with the AAA, to spur NGCA into action, that action being a further resistance to arbitration in the form of NGCA's present petition to stay arbitration which PPGI intended, absent NGCA agreeing to arbitration, since it put the litigation-initiation burden on NGCA.

14. NGCA's response to PPGI's 10/4/03 notice of intent to arbitrate pursuant to section 19 of the MOU was without reference to any reason, defect, omission or other aspect of the notice of intent to arbitrate sent to NGCA pursuant to section 19 and other provisions of the MOU, and so was an anticipatory breach of the arbitration agreement by NGCA, though PPGI as indicated above did make repeated subsequent PPGI's efforts up through and including PPGI using the elective available process of New York CPLR 7503 to spur NGCA to act in conformance with its arbitration obligations under the MOU.

15. From and after 10/4/03 NGCA failed, refused and otherwise neglected to arbitrate, and by its petition to stay arbitration continues to do so, as further described in 17 below, even though it did file an answer in the pending American Arbitration Association proceeding, AAA Case No. 50 181 T 00079 07, initiated

**1. RESPONSE TO PETITION TO STAY ARBITRATION; 2. CROSS-PETITION TO COMPEL ARBITRATION; 3. REQUEST FOR THRESHOLD HEARING UNDER FEDERAL ARBITRATION ACT**

by respondent.

16. The contract at issue, which contract calls for arbitration, involves "commerce" within the meaning of the Federal Arbitration Act, 9 USC 1, sections 1 and 2, and this court has jurisdiction under 9 USC 1, section 4, inter alia.

17. There is no dispute between the parties that the parties' contract calls for arbitration and that NGCA is now refusing, failing or neglecting to arbitrate by virtue of its pursuing a court action to stay the arbitration proceedings and attempting to raise before the court certain statute of limitation defenses that, under the FAA, and controlling case law construing the FAA, are issues exclusively for the arbitrator; by attempting to have a court determine the merits* of the statute of limitation defenses, NGCA is, under the FAA and controlling case law, failing to comply with the parties' agreement for arbitration.

===========================================================================
* As indicated above in PPGI's response to NGCA'a petition to stay arbitration, PPGI has three independent bases for defeating such, which it will brief for the appropriate tribunal, but at this stage of the proceedings in this court PPGI's understanding is that under the FAA and controlling case law, the pleadings address only the threshold issue of the applicability of the FAA, as, if it applies, then the merits of any timeliness issues are deemed exclusively for the arbitrator.

,
**1. RESPONSE TO PETITION TO STAY ARBITRATION; 2. CROSS-PETITION TO COMPEL ARBITRATION; 3. REQUEST FOR THRESHOLD HEARING UNDER FEDERAL ARBITRATION ACT**

10

18. The FAA, and controlling case law, where there is no issue of the making of the agreement for arbitration or the failure to comply therewith, mandates that the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

### 3. REQUEST FOR THRESHOLD HEARING UNDER THE FEDERAL ARBITRATION ACT

19. Section 19 of the MOU, quoted in paragraph 6 of NGCA's petition to stay, has a choice of law (New York) provision that does not <u>expressly</u> calling for "enforcement" of that agreement under such law.

20. As indicated above in item 1 of this pleading, the Federal Arbitration Act's provisions and related controlling case law mandate that, where an arbitration agreement's choice of law provision does not <u>expressly</u> calling for "enforcement" of that agreement under such law, then a statute of limitations defense, and any and all of the other issues raised by respondent's adversary NGCA, are exclusively for the arbitrator to determine, and the court's role thus limited to directing the parties to immediately proceed to their arbitration pending before the American Arbitration Association, or other mutually agreed arbitral entity.

21. PPGI requests a threshold hearing or other determination, after briefing of the issue per the court's scheduling of such, of the applicability of the FAA and the FAA's

1. RESPONSE TO PETITION TO STAY ARBITRATION; 2. CROSS-PETITION TO COMPEL ARBITRATION; 3. REQUEST FOR THRESHOLD HEARING UNDER FEDERAL ARBITRATION ACT

requirement that the merits of the issues set forth in NGCA's petition be decided exclusively by the arbitrator pursuant to the parties' arbitration agreement.

## **PRAYER FOR RELIEF**

WHEREFORE, respondent and cross-petitioner PPGI requests:

1. NGCA's petition to stay the pending arbitration be denied;

2. PPGI's cross-petition to compel arbitration be granted, and NGCA be directed to proceed to the parties' arbitration now pending before the American Arbitration Association (case no. 50 181 T 00079 07) or other mutually agreed arbitral entity;

3. A threshold hearing or other determination be had or made, after briefing of the issue per the court's scheduling of such, of the applicability of the FAA and the FAA's requirement that the merits of the issues set forth in NGCA's petition be decided exclusively by the arbitrator pursuant to the parties' arbitration agreement;

4. Attorney fees and costs, in an amount to be determined at a later hearing;

5. Costs awardable in this court irrespective of any contractual provision; and

6. Such other and further relief as the court may deem appropriate.

**1. RESPONSE TO PETITION TO STAY ARBITRATION; 2. CROSS-PETITION TO COMPEL ARBITRATION; 3. REQUEST FOR THRESHOLD HEARING UNDER FEDERAL ARBITRATION ACT**

DATED: 6/13/07    LAW OFFICES OF JOHN F. L. HEBB,
LAW OFFICES OF ROBERT H. POWSNER, and
LAW OFFICES OF AVRUM J. ROSEN


By: S/Fred S. Kantrow
FRED S. KANTROW (FK3499)
Attorneys for Respondent [Plaintiff in
Arbitration], and Cross-Petitioner PAC PACIFIC GROUP
INT'L, INC. OF USA ("PPGI")

1. RESPONSE TO PETITION TO STAY ARBITRATION; 2. CROSS-PETITION TO COMPEL ARBITRATION; 3. REQUEST FOR THRESHOLD HEARING UNDER FEDERAL ARBITRATION ACT

13