**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

NGC NETWORK ASIA, LLC,

                             Petitioner,

      vs.

PAC PACIFIC GROUP INTERNATIONAL, INC.
OF USA,

                             Respondent.

Index No. 07-CV-2855 (PAC)

**REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF PETITIONER'S MOTION TO
DISMISS THE RESPONDENT'S UNTIMELY CLAIMS**

Matthew Solum
Carl LeSueur
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-6460

*Counsel for NGC Network Asia, LLC*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................. i

INTRODUCTION ........................................................................................................... 1

ARGUMENT .................................................................................................................. 2
    I.      PPGI HAS DEFAULTED IN OPPOSITION TO THE MOTION. .......................... 2
    II.     PPGI FAILED TO REBUT THE LAW AND EVIDENCE SUPPORTING
          DISMISSAL. ....................................................................................................... 4
    III.    THE MEMORANDUM OF UNDERSTANDING RESERVES
          TIMELINESS ISSUES FOR THE COURT. ........................................................ 5
    IV.    PPGI's CROSS PETITION SHOULD BE DENIED. ............................................. 8
          A.      PPGI's "Cross Petition" Should Be Denied Because PPGI Has Not
                 Followed the Procedures of This Court. ...................................................... 8
          B.      PPGI's "Cross-Petition" Should Be Denied on the Merits. ......................... 8

CONCLUSION ............................................................................................................... 9

## TABLE OF AUTHORITIES

Page

**CASES**

*AT&T Technologies, Inc. v. Communications Workers of America*,
    475 U.S. 643 (1986)...............................................................................................................7

*Bell v. Cendant Corp.*,
    293 F.3d 563 (2d Cir. 2002).................................................................................................7

*Coleman & Co. Securities, Inc. v. Giaquinto Family Trust*,
    No. 00-Civ-1632, 2000 WL 1683450 (S.D.N.Y. Nov. 9, 2000)...................................3, 7, 8, 9

*Cuccolo v. Lipsky*,
    826 F. Supp. 763 (S.D.N.Y. 1993).................................................................................3, 6

*Diamond Waterproofing Systems, Inc. v. 55 Liberty Owners Corp.*,
    4 N.Y. 3d 247, 826 N.E.2d 802, 793 N.Y.S. 831 (2005).............................................................9

*ENH, Inc. v. International Diffusion SRL*,
    No. 97-Civ-3202, 1997 WL 294388 (S.D.N.Y. June 2, 1997) .................................................4

*Feldman v. L & M Mowing. Inc.*,
    No. 98-CV-4246, 1999 WL 284983 (E.D.N.Y. May 3, 1999) ...................................................4

*First Options of Chicago, Inc. v. Kaplan*,
    514 U.S. 938 (1995).............................................................................................................7

*Howsam v. Dean Witter Reynolds, Inc.*,
    537 U.S. 79 (2002)...........................................................................................................10

*Insurance Co. of North Am. v. ABB Power Generation, Inc.*,
    925 F. Supp. 1053 (S.D.N.Y. 1996)...................................................................................8, 9

*Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*,
    378 F. Supp. 2d 448 (S.D.N.Y. 2005)...............................................................................6

*Lowen v. Tower Asset Management, Inc.*,
    829 F.2d 1209 (2d Cir. 1987)...........................................................................................6

*Mastruobuono v. Shearson Lehman Hutton, Inc.*,
    514 U.S. 52 (1995).............................................................................................................9

*Nasso v. Seagal*,
    263 F. Supp. 2d 596 (E.D.N.Y. 2003) ...............................................................................5

*National Union Fire Ins. Co. v. Belco Petroleum Corp.*,
    88 F.3d 129 (2d Cir. 1996)...............................................................................................9

*Reading Intern., Inc. v. Oaktree Capital Management LLC*,
No. 03-Civ-1895 (PAC), 2007 WL 39301 (S.D.N.Y. Jan. 8, 2007).......................................10

*Shaw Group, Inc. v. Triplefine International Corporation*,
322 F.3d 115 (2d Cir. 2003).................................................................................................9

*Sledge v. Kooi*,
No. 04-CV-1311, 2007 WL 951447 (N.D.N.Y. Feb. 12, 2007).........................................3, 6

*Smith Barney, Harris Upham & Co. v. Luckie*,
85 N.Y.2d 193, 623 N.Y.S.2d 800, 647 N.E.2d 1308 (1995)...........................................7, 9

*U.S. Nat'l Bank of Oregon v. Indep. Ins. Agents of Am., Inc.*,
508 U.S. 439 (1993)............................................................................................................10


**STATUTES**

NY CPLR § 7501, *et seq.*......................................................................................................7

NY CPLR § 7502.............................................................................................................3, 7, 8

NY CPLR § 7503..............................................................................................................3, 8


**OTHER AUTHORITIES**

Local Rule 1.3(c) ...................................................................................................................5

Local Rule 7.1 .........................................................................................................3, 4, 5, 10

ii

## INTRODUCTION

PPGI's "Response" is merely a response to the assertions in National Geographic's petition.  PPGI failed to file any memorandum of law in opposition and, thus, National Geographic's motion should be granted by default.  Local Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.  (*See* Section I.)  PPGI also failed to rebut the law and the facts that National Geographic submitted that demonstrate the following: (a) PPGI's claims all accrued no later than October 21, 2001; (b) the longest limitations period applicable to those claims expired no later than October 21, 2005; and (c) PPGI did not serve a notice of arbitration until March 2007.  Thus, PPGI effectively conceded that its claims are barred by the statutes of limitations.  *Sledge v. Kooi*, No. 04-CV-1311, 2007 WL 951447, at \*5 (N.D.N.Y. Feb. 12, 2007) (failure to rebut arguments in memorandum of law amounts to a waiver); *Cuccolo v. Lipsky*, 826 F. Supp. 763, 767 n.3 (S.D.N.Y. 1993) (burden is on party opposing application of statutes of limitations once prima facie evidence of application of statutes has been made).  (*See* discussion *infra* Section II.)

PPGI's only challenge to National Geographic's motion to dismiss -- that this Court cannot decide the question -- fails because it ignores the parties' agreement.  In the MOU, the parties expressly agreed that disputes concerning advertising "will be resolved by arbitration . . . in accordance with the laws of the State of New York" such that the parties agreed that New York's arbitration law would govern their arbitration.  This includes the New York law that timeliness issues are for the courts to decide (*See* NY CPLR §§ 7502 and 7503), and, therefore, this Court can decide this question.  *See, e.g., Coleman & Co. Securities, Inc. v. Giaquinto Family Trust*, No. 00-Civ-1632, 2000 WL 1683450 (S.D.N.Y. Nov. 9, 2000).  (*See* discussion *infra* Section III.)

Finally, PPGI's "Cross-Petition" should be denied because it fails to comply with this Court's rules and practices. Further, even if the "Cross-Petition" is considered a motion that is properly before this Court (which it is not), it should be denied on its merits because it seeks an advisory opinion. Indeed, while preserving its rights to seek dismissal of PPGI's claims in this Court, National Geographic has participated in the arbitration. (*See* discussion *infra* Section IV.)

## ARGUMENT

### I.    PPGI HAS DEFAULTED IN OPPOSITION TO THE MOTION.

PPGI's opposition fails due to multiple procedural defaults. A party is required to submit a memorandum of law in support of its opposition to a motion. Local Rule 7.1. PPGI's "Response" to the motion to dismiss is merely a response to the assertions in National Geographic's petition (or complaint). National Geographic did file that petition to initiate this proceeding, but also filed an order to show cause, which the Supreme Court of New York entered prior to removal, and a memorandum of law in support. With respect to the order to show cause and the memorandum of law in support, PPGI filed no response at all. Although PPGI included a handful of citations in two footnotes in its "Response," PPGI's "Response" can hardly be called a memorandum of law. *Cf.* Local Rule 7.1. (a memorandum of law shall "set[] forth the points and authorities relied upon in support of or in opposition to the motion, and [be] divided, under appropriate headings, into as many parts as there are points to be determined".)

"Willful failure" to file a memorandum of law "setting forth the points and authorities relied upon . . . in opposition to the motion . . . may be deemed sufficient cause . . . for the granting of a motion by default." *Feldman v. L & M Mowing. Inc.*, No. 98-CV-4246, 1999 WL 284983, at *2 n.5 (E.D.N.Y. May 3, 1999). Thus, even though a plaintiff filed an affidavit in partial opposition to a motion to dismiss, the United States District Court for the Eastern District of New York held that plaintiff's failure to submit a memorandum of law in support of his

2

opposition was sufficient by itself to grant the motion. *See also ENH, Inc. v. International*

*Diffusion SRL*, No. 97-Civ-3202, 1997 WL 294388, at *1 (S.D.N.Y. June 2, 1997) (applying

predecessor to Local Rule 7.1)  Because PPGI failed to file or serve a memorandum of law, it

effectively defaulted.[1]

PPGI's failure to file a memorandum of law is not its only failure to comply with the

Local Rules and this Court's rules.  Soon after this case was removed to this Court, this Court

ordered the parties to "familiarize themselves with the Court's Individual Practices."  (April 13,

2007 Order.)  Yet, PPGI has repeatedly defied this Court's rules:

- PPGI's California lawyers submitted papers without being admitted *pro hac vice* to practice before this Court.  *Cf.* Local Rule 1.3(c).

- PPGI copied the Courtroom Deputy on email correspondence between the parties.  *Cf.* Individual Practices at 1.A.  ("Copies of correspondence between counsel shall not be sent to the Court.")

- PPGI submitted a request for extension of time to the Courtroom Deputy via email.  *Cf.* Individual Practices at 1.A.  ("[C]ommunications with chambers shall be by letter, with copies simultaneously delivered to all counsel.").

- PPGI purports to submit a cross motion without first submitting a letter to the Court or participating in a pre-motion conference.  *Cf.* Individual Practices at 3.A and C.

In fact, after PPGI's repeated violations, PPGI's counsel was admonished by the

Courtroom Deputy:  "[b]efore submitting anything else in the future, please revisit, read and

FULLY familiarize yourselves [with] the ECF rules of this Court and Judge Crotty's Individual

---

[1]    There are other indications that PPGI's "Response" is not a memorandum of law in opposition.  An opposition is not to be filed until the reply memorandum is due.  *Cf.* Individual Practices of Judge Paul A. Crotty, U.S.D.J. ("Individual Practices") at 3.E.  ("Each party shall file its motion papers on the date the last reply memorandum is due.")

Additionally, PPGI already defaulted.  Before removal of this matter to this Court, the Supreme Court of New York entered an order that required PPGI to file its opposition on or before April 9, 2007.  (*See* Order to Show Cause, [Docket Entry No. 1, Attachment 5].)  Although PPGI removed the action to this Court on that date, it failed to timely file any opposition.  *Cf. Nasso v. Seagal*, 263 F. Supp. 2d 596, 608 (E.D.N.Y. 2003) ("Upon removal, the orders entered by the state court are treated as though they had been entered by the federal court.")

Practices."  (*See* Supplemental Declaration of Carl LeSueur dated June 25, 2007 ("LeSueur Supp. Decl.") at Ex. A.)  Respectfully, PPGI's willful disregard of the rules and procedures of this Court should result in an entry of default against PPGI on this motion in accordance with the rules of this Court.

## II.      PPGI FAILED TO REBUT THE LAW AND EVIDENCE SUPPORTING DISMISSAL.

PPGI's opposition also fails because it does not meaningfully respond to National Geographic's memorandum of law and supporting affidavit.  In its papers, National Geographic established that: (a) PPGI's claims all accrued no later than October 21, 2001; (b) the longest limitations period applicable to those claims expired no later than October 21, 2005; and (c) PPGI did not serve a notice of arbitration until March 2007.  PPGI did not rebut these points in any meaningful way.  Instead, PPGI stated that it would submit a "brief for the appropriate tribunal once determined."  (Response at p. 8 n.*.)  But PPGI cannot choose to reply later.  Thus, because PPGI "failed to oppose defendant's argument," it, essentially, "consented to [National Geographic's] argument."  *Sledge*, 2007 WL 951447, at *5; *see also Lowen v. Tower Asset Management, Inc.*, 829 F.2d 1209, 1214 (2d Cir. 1987) (noting that "defendants' lack of particularized argument amounts to a waiver.").

Likewise, although PPGI asserts that it sent an arbitration notice to National Geographic earlier, PPGI did not submit any evidence on this point and did not otherwise submit any rebuttal evidence.  Thus, PPGI effectively conceded that its claims are time-barred.  *Cuccolo*, 826 F. Supp. at 767 n.3 (once the party invoking the statute of limitations establishes prima facie proof that the period has elapsed, the burden of proving an exception or tolling of the statute of limitations shifts to the nonmoving party); *see also Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448, 453-54 (S.D.N.Y. 2005) (where nonmovant failed to enter any

admissible evidence to rebut summary judgment motion, the district court had no choice but to

deem as admitted the movant's statements of fact as supported by the movant's evidence).

III.    **THE MEMORANDUM OF UNDERSTANDING RESERVES TIMELINESS ISSUES FOR THE COURT.**

In a footnote in its response, PPGI challenges the authority of this Court to dismiss its

untimely claims on the grounds that the parties did not expressly provide that the "enforcement"

of the MOU was subject to New York law, but PPGI's logic fails.

Arbitration is a matter of contract, and parties cannot be compelled to arbitrate issues that

they have not specifically agreed to submit to arbitration. *First Options of Chicago, Inc. v.

Kaplan*, 514 U.S. 938, 945 (1995) (parties cannot be compelled to arbitrate issues they have not

specifically agreed to submit to arbitration); *AT&T Technologies, Inc. v. Communications

Workers of America*, 475 U.S. 643, 648 (1986) (arbitration is a matter of contract). Even though

the Federal Arbitration Act may apply to the parties' agreement, state law determines whether

parties have obligated themselves to arbitrate certain issues. *First Options of Chicago, Inc.*, 514

U.S. at 945; *Bell v. Cendant Corp.*, 293 F.3d 563, 566 (2d Cir. 2002).

New York arbitration law is set forth in NY CPLR § 7501, *et seq*. One provision of the

New York arbitration law, NY CPLR § 7502, provides that parties may apply to the courts for a

stay of the arbitration of claims on the grounds that the claims are time barred. Given this, courts

have held that where a contract provides that New York law governs the arbitration, then the

contract reflects the parties' agreement that timeliness issues will be submitted to the court.

*Coleman & Co. Securities*, 2000 WL 1683450, at *3; *see also Smith Barney, Harris Upham &

Co. v. Luckie*, 85 N.Y.2d 193, 202, 623 N.Y.S.2d 800, 805, 647 N.E.2d 1308, 1312 (1995).

In this case, the parties expressly agreed that disputes concerning advertising

> *__will be resolved by arbitration__* in New York, New York before a single retired judge or attorney with at least 10 years experience in the entertainment industry, *__in accordance with the laws of the State of New York__*, United States of America, and with the then existing rules for Commercial Arbitration of the American Arbitration Association.

(Affirmation of Carl D. LeSueur ("LeSueur Aff.") Ex. A at ¶ 19.)   (Emphasis added.)   By agreeing to arbitration "in accordance with the laws of the State of New York," the parties agreed to subject themselves to New York arbitration law, including the law that provides that timeliness issues are for the courts to decide.  *See* NY CPLR §§ 7502 and 7503.

In *Coleman & Co. Securities*, the parties had agreed that "[a]ny arbitration under this agreement shall be conducted pursuant to the Federal Arbitration Act and the laws of the State of New York."  2000 WL 1683450, at *3.  After a fulsome analysis, the court held that the "only reasonable reading of the parties' agreement is that the parties intended to be bound by New York's arbitration rules, including the rule limiting the power of the arbitrators to hear preliminary questions of timeliness."  *Id.*  Thus, the court concluded that "by expressly providing for New York law to govern the arbitration itself, the parties intended for the Court, rather than the arbitrators, to decide petitioners' statute of limitations defenses."  *Id.*

Likewise, in *Insurance Co. of North Am. v. ABB Power Generation, Inc.*, the parties agreed that the "agreement to arbitrate and any other agreement to arbitrate with an additional person in connection with the Project shall be specifically enforceable under the prevailing arbitration laws of the State of New York."  925 F. Supp. 1053, 1057 (S.D.N.Y. 1996).  Thus, the court found that "the agreement has the unusual feature of selecting New York law specifically to govern enforcement of the arbitration clause, distinct from the choice of law clause that governs the substance of the contract."  *Id.* at 1058.  This, together with the fact that the parties had agreed that the arbitrators would have no authority to act on time-barred claims, led the court

to conclude that "the choice of New York law [to govern the arbitration] strongly supports the view that the parties intended the courts to determine issues of timeliness." *Id. Accord Luckie*, 85 N.Y.2d at 202, 623 N.Y.S.2d at 805, 647 N.E.2d at 1312.

As with *Coleman*, *Insurance Co. of North Am.* and *Luckie*, the parties in this case agreed that the arbitration would be subject to New York law and, therefore, that the courts and not arbitrators would decide statutes of limitations questions. The contract language in the cases cited by PPGI stands in stark contrast to the language in the parties' MOU in this case as is demonstrated in Table 1.1 below.

**Table 1.1**

| | |
|---|---|
| *Mastruobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 58-59 (1995) | "[T]he entire agreement 'shall be governed by the laws of the State of New York.'" |
| *Shaw Group, Inc. v. Triplefine International Corporation*, 322 F.3d 115, 120 (2d Cir. 2003) | "This Agreement and the rights and obligations of the parties shall be construed in accordance with and governed by the laws of New York." |
| *National Union Fire Ins. Co. v. Belco Petroleum Corp.*, 88 F.3d 129, 134-35 (2d Cir. 1996) | "The construction, validity and performance of this policy shall be governed by the law of the State of New York, U.S.A." |
| *Diamond Waterproofing Systems, Inc. v. 55 Liberty Owners Corp.*, 4 N.Y. 3d 247, 253, 826 N.E.2d 802, 806, 793 N.Y.S. 831, 835 (2005) | "The contract shall be governed by the law of the place where the Project is located." |

The contract language in each of the above cases merely provides that New York law would govern the rights and obligations of the parties under the contract. None contains language stating that the arbitration would be "in accordance with the laws of New York" as did the parties' agreement here. *Cf. Coleman*, 2000 WL 1683450, at *3. For all of these reasons, it

is for this Court, and not arbitrators, to decide the timeliness issues in accordance with New York law.[2]

## IV.    PPGI's CROSS PETITION SHOULD BE DENIED.

### A.    PPGI's "Cross Petition" Should Be Denied Because PPGI Has Not Followed the Procedures of This Court.

PPGI filed its "Cross-Petition" in violation of this Court's Individual Practices, which require that, prior to filing any motion, a party submit a letter to this Court stating the grounds of its motion and, further, requires that the parties participate in a promotion conference. Individual Practices at 3.A and C. PPGI failed to submit any such letter and failed to request to convene, much less participate in, any promotion conference. Thus, PPGI's motion should be denied. Additionally, the "Cross-Petition" is unsupported by any memorandum of law. As discussed above, this is a willful violation of this Court's rules and justifies an entry of default denying PPGI's "Cross-Petition." Local Rule 7.1.

### B.    PPGI's "Cross-Petition" Should Be Denied on the Merits.

To the extent that the Court entertains PPGI's "Cross-Petition" as a properly submitted motion, the motion should be denied because it calls for an advisory opinion as National Geographic -- while reserving its rights to pursue its motion to dismiss the arbitration claims as time-barred in this Court -- is participating in the arbitration. *U.S. Nat'l Bank of Oregon v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439 (1993) (federal courts lack power to issue advisory opinions); *see also Reading Intern., Inc. v. Oaktree Capital Management LLC*, No. 03-Civ-1895 (PAC), 2007 WL 39301, *17 (S.D.N.Y. Jan. 8, 2007) (prohibition of advisory opinions "includes

---

[2]    The one other case cited by PPGI does not analyze New York arbitration law at all. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002) (question was whether court could dismiss claims that were otherwise subject to NASD arbitration where party asserting claims initiated arbitration more than six years after the claims arose in contravention of NASD rules).

the granting of injunctive relief against conduct that previously ceased"). National Geographic filed an answer in the arbitration on April 2, 2007 and has otherwise participated in the arbitration. (*See* LeSueur Supp. Decl. at Ex. B and C.) Thus, because National Geographic is participating in the arbitration, PPGI's motion to compel arbitration should be denied.

## CONCLUSION

For the reasons stated above in addition to the reasons stated in its opening brief, National Geographic respectfully requests that this Court dismiss PPGI's claims with prejudice as they all violate the applicable statutes of limitations.

Dated: June 25, 2007                                  Respectfully submitted,


                                                      /s/Matthew Solum
                                                      Matthew Solum
                                                      Carl LeSueur
                                                      KIRKLAND & ELLIS LLP
                                                      Citigroup Center
                                                      153 East 53rd Street
                                                      New York, New York 10022 4611
                                                      Telephone:     (212) 446 4800
                                                      Facsimile:     (212) 446 6460

                                                      *Counsel for NGC Network Asia, LLC*