Jul 11 07 08:17p    JFLH                                3104960456              p.1

Case 1:07-cv-02855-PAC    Document 16    Filed 07/13/2007    Page 1 of 9

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 1 3 2007
```

# LAW OFFICES OF JOHN F.L. HEBB
1541 OCEAN AVENUE, SUITE 200
SANTA MONICA, CA 90401
310/455-0840    JOHNFLHEBB@aol.com

**via FAX, 2 pgs.**

Hon. Paul A. Crotty, U.S.D.J.                                  7/11/07
United States District Court
Southern District of New York
500 Pearl Street
Chambers 735
Courtroom 20-C
New York, NY 10007
Telephone: (212) 805-6312 Fax: (212) 805-6304
CrottyNYSDChambers@nysd.uscourts.gov
Courtroom Deputy E-mail: Marlon_Ovalles@nysd.uscourts.gov

[Handwritten endorsement:] The Court's endorsement of June 29, 2007 clearly indicated a hearing was to take place on July 18, 2007, and said nothing about a "Status Conference." The Court does not understand the basis for counsel's confusion. Nonetheless the Court is willing to consider a short adjournment from July 18 to any time during the weeks of July 23 or July 30, if the parties can agree. If the parties wish to supplement the papers already on file, they may do so, but no more than 10 pages. So ordered. Paul A. Crotty, U.S.D.J.

Re: **NGC Network Asia, LLC ["NGCA"] v Pac Pacific Group Int'l ["PPGI"]**
    **07 Civ. 02855 (PAC); AAA Arbitration, PPGI v NGCA, 50 181 T 00079 07**

Judge Crotty,

I write on behalf of PPGI to request a continuance of the "hearing" set for 7/18/07 at 10am, due to my preexisting schedule conflicts here in California – unless the "hearing" is, as the Court's ECF/Pacer docket sheet describes, a "Status Conference" -- in which case I can appear by telephone on the currently scheduled 7/18/07 per my earlier understanding from inquiry to your Courtroom Deputy.

Pursuant to 1.E of your recently-updated Individual Practices:

(1) the original date for the hearing is the referenced 7/18/07;
(2) no previous request for an extension has been made by any party;
(3) accordingly, no previous request was granted or denied;
(4) adversary counsel based in Manhattan was asked to consent beginning on 7/7/07, and multiple mutual correspondence was had every day in the interim with my understanding that the short continuance requested would be stipulated to, with multiple alternative dates proposed by me *(19 dates out of the 32 business days following the current hearing date)* and none of which were said unavailable for the adversary – until, however, adversary counsel last night, 7/10/07, ultimately refused to consent to an extension, the litigation partner giving no other reason than he did not want to continue the hearing;
(5) the key dates I proposed, and now propose, that were and are available for me to travel from California, and for my New York co-counsel to appear as well with me are listed in the next paragraph below, underscored, in our specific request for a date certain.

**MEMO ENDORSED**

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

(212) 446-4800

www.kirkland.com

Matthew Solum
To Call Writer Directly:
212 446-4688
msolum@kirkland.com

Facsimile:
(212) 446-4900

Dir. Fax: 212 446-6460

July 13, 2007

By Facsimile

Honorable Paul A. Crotty
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

> Re: NGC Network Asia, LLC v. PAC Pacific Group Asia Inc., LLC,
> Case No. 07-CV-2855 (PAC)

Dear Judge Crotty:

I write in response to PPGI's July 11 request for an adjournment of the hearing in order to clarify the basis for National Geographic's objection to PPGI's request and in response to PPGI's July 12 letter.

By way of background, on June 29, 2007 the Court granted oral argument on National Geographic's motion and scheduled a hearing on July 18, 2007 at 10:00 a.m. We discussed the matter with PPGI's counsel, Mr. John Hebb, and he understood that the matter would be a hearing on National Geographic's motion and he explained that he did not intend to call any witnesses. Thus, we informed the Court, on July 9, that oral argument on the motion would likely take less than an hour and that no witnesses would be called.

Although we are willing to cooperate with counsel regarding adjournments and deadlines -- we had agreed to a sixty-day extension of the deadline for PPGI to file its opposition as PPGI represented it wanted to discuss an amicable resolution -- we did not agree to, and we hereby object to, an extension of the hearing for three reasons.

First, there is no real conflict so far as we understand it. Despite repeated requests, Mr. Hebb has provided no actual conflict (of his, any of his co-counsel, or his client) with the July 18 hearing. Nor does Mr. Hebb provide any reason for an extension in his July 11 letter to the Court besides a vague reference to unnamed "scheduling conflicts."

This is all the more troubling because Mr. Hebb is proposing alternative dates one month later. All of this said, because there is no real conflict with July 18, it seems Mr. Hebb merely

Chicago    Hong Kong    London    Los Angeles    Munich    San Francisco    Washington, D.C.

## KIRKLAND & ELLIS LLP

Honorable Paul A. Crotty
July 13, 2007
Page 2

wants more time. Given that this matter was originally filed on March 21, we respectfully submit that more time is not warranted.

Second, Mr. Hebb seems to be playing games. When he asked for our consent to an adjournment, he failed to mention that he was going to file an additional, twenty-five page sur-reply brief. We intend to move to strike that brief because, among other things, a sur-reply is not permitted, no leave to file a sur-reply was granted, and, in any event, the submission is prejudicial insofar as it raises a number of new arguments, none of which has any merit. Because PPGI may use additional time to prepare yet further extrajudicial submissions, we oppose the request for an extension.

Third, in various emails and voicemails starting on Saturday, July 7, Mr. Hebb proposed shifting and conflicting alternative dates for a hearing. (*See* Exhibit A.) Nonetheless, to the extent that the Court grants an adjournment over our objection, we are not available during the limited range that Mr. Hebb has proposed in his letter to this Court -- Thursday, August 16 to Tuesday, August 21 -- as I am scheduled to be on vacation out of the country during those dates. We are, however, available on the following dates that Mr. Hebb previously proposed to us: August 7, 8, 9 and 10. (*See* Exhibit A.)

♦    ♦    ♦

Barring any actual conflict, and given the length of adjournment PPGI is seeking, National Geographic requests that the Court deny PPGI's request and that the oral argument proceed as currently scheduled.

Finally, with respect to Mr. Hebb's July 12 letter, we understand that the July 18 hearing will be a hearing on the merits of National Geographic's motion (including PPGI's June 15 opposition and National Geographic's June 25 reply), rather than a pre-motion conference, and we will be prepared accordingly. To the extent that Mr. Hebb is requesting a pre-motion conference on some other motion, we oppose the request on the grounds that PPGI has not set forth the basis for the motion.

Respectfully submitted,

Matthew Solum

cc:    Fred S. Kantrow, Esq.
       John F.L. Hebb, Esq.
       Robert H. Powsner, Esq.

# EXHIBIT A



JOHNFLHEBB@aol.com
07/07/2007 05:37 PM

To  clesueur@kirkland.com
cc  msolum@kirkland.com, JOHNFLHEBB@aol.com
bcc
Subject  Fwd: >cL PPGI v NGCA: hearing dates [2]

Carl --

Earlier I proposed the following dates:

August 9, 10, 13, 14, 15, 16, 17 or 20

With my present litigation and appellate schedules, I am having to juggle more than I thought I would. It would be a great assistance if you let me know which of the following dates is *not* available for you:

August 9, 10, 13, 14, 15, 16, 17 or 20
August 7, 8, 21, 22, 23, 24, 27, 28, 29-31

Thanks again

-- John

John F.L. Hebb, Esq.
LAW OFFICES OF JOHN F.L. HEBB
1541 Ocean Avenue, Second Floor
Santa Monica, California 90401-2100

TEL 310/393-3077
JOHNFLHEBB@aol.com

*This E-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521 and is legally privileged. This information is confidential information and is intended only for the use of the recipient individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.*

# LAW OFFICES OF JOHN F.L. HEBB
1541 OCEAN AVENUE, SUITE 200
SANTA MONICA, CA 90401
310/455-0840  *JOHNFLHEBB@aol.com*

**via FAX, 2 pgs. [with attachments of 3 pgs.]**
Marlon Ovalles, Courtroom Deputy to
Hon. Paul A. Crotty, U.S.D.J.                                7/12/07
United States District Court
Southern District of New York
500 Pearl Street
Chambers 735
Courtroom 20-C
New York, NY 10007
Telephone: (212) 805-6312 Fax: (212) 805-6304
CrottyNYSDChambers@nysd.uscourts.gov
Courtroom Deputy E-mail: Marlon_Ovalles@nysd.uscourts.gov

Re: 1. Your Email Reply of this Morning;
    2. Letter Request for Pre-Motion Conference, to extent needed
**NGC Network Asia, LLC ["NGCA"] v Pac Pacific Group Int'l ["PPGI"]
07 Civ. 02855 (PAC); AAA Arbitration, PPGI v NGCA, 50 181 T 00079 07**

Mr. Ovalles,

1. Thank you for your email reply this morning to our faxed letter to Judge Crotty, including your clarification on one point *[please see 3 below for the other point* whose also requested clarification should assist counsel and the Court]*.

2. We look forward to Judge Crotty's return tomorrow and the Court's consideration of our re-scheduling request, per your email's indication.

3. The other point* we would appreciate a clarification on, for counsel and the Court, is whether this is also a Court setting for, as we phrased it in our faxed letter yesterday to Judge Crotty:

> "NGCA's requested hearing on its petition and PPGI's requested hearing on its opposition and its cross-petition, both under the Federal Arbitration Act
> *[a hearing requested in PPGI's answer and cross-petition, and described further in PPGI's Memorandum of Law served 7/10/07, and entered today, and to be further requested by letter per your Individual Practices as appropriate]*".

As indicated in the referenced 7/10/07 PPGI Memorandum of Law *[at page 7, in its "Procedural Preface"]*, PPGI did not oppose NGCA's request for a hearing, or request its own by a separate letter, because PPGI understood any hearing "on the petition" would necessarily be on the entire set of intertwined issues under the Federal Arbitration Act.

Both the Court's 4/18/07 Order *[item 5 on the CM/ECF docket report: "to answer the petition"]*, and the 6/29/07 granted letter request for a hearing *[docket item 13: "on the petition"]* suggest such. If this is the case, then PPGI need not trouble the Court with a redundant letter request for some sort of separate or additional hearing -- we simply need to know, so we can proceed accordingly under Judge Crotty's Individual Practices.

Further, under then 3.C, now 3.D of Judge Crotty's Individual Practices, PPGI understood that at most the hearing was the "pre-motion conference" referenced in those sections, none other such having been had or scheduled; cf. the "hearing" presently being described on the Court's ECF/Pacer docket sheet as a "Status Conference".

If needed, then this letter should be deemed a letter request for PPGI's requested hearing, unless, again, a yet separate letter is required – as to which we ask the Court's input. The "basis" for the motion is of course that set out above and in detailed earlier-filed pleadings:
That under the Federal Arbitration Act [FAA], 9 USC 1, et seq., whether under PPGI's opposition to NGCA's petition, or PPGI's pending cross-petition, this matter must be referred unqualifiedly to the pending American Arbitration Association arbitration (rather than NGCA being allowed to only provisionally participate in that arbitration while it attempts in a court proceeding to have a court decide an issue that under the FAA is reserved exclusively for the arbitrator's determination).

Thank you for your attention to this matter.

Respectfully submitted

*[signature]*

John F.L. Hebb, Esq.


JFLH/sc

## LAW OFFICES OF JOHN F.L. HEBB
1541 OCEAN AVENUE, SUITE 200
SANTA MONICA, CA 90401
310/455-0840    JOHNFLHEBB@aol.com

**via FAX, 2 pgs.**

Hon. Paul A. Crotty, U.S.D.J.                                7/11/07
United States District Court
Southern District of New York
500 Pearl Street
Chambers 735
Courtroom 20-C
New York, NY 10007
Telephone: (212) 805-6312 Fax: (212) 805-6304
CrottyNYSDChambers@nysd.uscourts.gov
Courtroom Deputy E-mail: Marlon_Ovalles@nysd.uscourts.gov

Re: **NGC Network Asia, LLC ["NGCA"] v Pac Pacific Group Int'l ["PPGI"]
07 Civ. 02855 (PAC); AAA Arbitration, PPGI v NGCA, 50 181 T 00079 07**

Judge Crotty,

PPGI hesitates to burden the Court further on the simple matter of the short continuance requested, and so will limit its reactions to NGCA counsel Matt Solum's fax of this morning to the following short answers:

1. The reason for the continuance was, requested as a matter of professional courtesy, due to the details given to his associate Carl LeSueur of my litigation and appellate schedule here in California, coupled with a pre-planned family summer vacation [Mr. Solum, in his fax refers to his vacation schedule conflict], and PPGI co-counsel Fred Kantrow's pre-scheduled vacation.

These details were given to Mr. LeSueur beginning with our first meet-and-confer on 7/6/07 and thereafter in our daily attempt to arrange this matter by stipulation, until the evening of 7/10/07 when litigation partner Matt Solum stepped in to countermand any cooperative stipulation (although he had been copied with all written portions of his associate's and my communications, which also referred to the telephonic and voicemail portions of our communications).

Adversary counsel is based in Manhattan, and as I am in California and will be traveling to New York for any dispositive hearing, there is an obvious additional parameter NGCA counsel does not have to contend with, and in conjunction with the schedule conflict details given to Mr. LeSueur at his request, I simply asked for the professional courtesy

of a short extension which I assured counsel would readily be extended in reverse circumstances.

2. The earlier extension to answer the petition, to which Mr. Solum refers, was a *mutual* decision of the parties, in conjunction with an agreed present hold on the pending AAA arbitration proceedings, so that *both* sides could explore settlement.

3. The pleading Mr. Solum refers to as a sur-reply brief is in fact PPGI's opposition to NGCA's motion papers in federal court [irrespective of NGCA's denominating its moving papers a 'reply'], as is set forth in PPGI's opposition and also illustrated in prior correspondence to the Court.

4. As Mr. Solum in his fax for the first time indicates he has a vacation conflict for some of the dates previously supplied to him, and instead confirms he is available August 7, 8, 9 and 10, PPGI respectfully requests **August 7 or 8** for the hearing [as PPGI co-counsel Fred Kantrow is on vacation August 9-15, as Mr. Solum's associate Carl LeSueur was previously advised] if available for the Court.

Otherwise, if unavailable, then request is made for any one of 8 of the 18 additional days previously suggested to Mr. Solum and Mr. LeSueur without their indication of any unavailability: August 22, 23, 24, 27, 28, 29, 30, or 31.

We thank you for your consideration of this letter

Respectfully submitted

[signature]

John F.L. Hebb, Esq.

JFLH/se

cc:  Matt Solum, Esq. and Carl LeSueur, Esq. [via FAX]
     Robert Powsner, Esq. and Fred Kantrow, Esq., PPGI co-counsel [via fax/email]