JOHN F. L. HEBB (SBN 108391)
LAW OFFICES OF JOHN F. L. HEBB
1541 Ocean Avenue, Suite 200
Santa Monica, CA 90401
TEL: 310/393-3077, FAX: 310/496-0456
*JOHNFLHEBB@aol.com*
*Pro Hac Vice motion filed and pending*

ROBERT H. POWSNER (SBN 24386)
LAW OFFICES OF ROBERT H. POWSNER
11315 Shoreline Street, Suite C, P.O. Box 1327
Point Reyes Station, CA 94956
TEL: 415/663-1035, FAX: 415/663-1450
*Powsner@aol.com*
*Pro Hac Vice motion pending*

AVRUM J. ROSEN (AJR4016)
FRED S. KANTROW (FK3499)
LAW OFFICES OF AVRUM J. ROSEN
38 New Street, Huntington, New York 11743-3327
Tel: 631-423-8527, Fax: 631-423-4536
*FKantrow@AvrumRosenLaw.com*

Attorneys for Respondent
[Plaintiff in Arbitration], and
Cross-Petitioner
PAC PACIFIC GROUP INT'L,
INC. OF USA ("PPGI")

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NGC NETWORK ASIA, LLC ["NGCA"],<br><br>    Petitioner,<br><br>vs.<br><br>PAC PACIFIC GROUP INT'L, INC. OF USA ["PPGI"],<br><br>    Respondent.<br>========================= | USDC CASE NO. **1:07-CV-2855**<br><br>On Removal from NY Supreme Ct. No. 600912/07<br><br>[Amer. Arb'n Assn. No. 50 181 T 00079 07]<br><br>**SUPPLEMENTAL MEMORANDUM OF LAW**<br><br>IN OPPOSITION TO<br><br>**1. PETITION TO STAY** |

SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION [ETC.], AND IN SUPPORT [ETC.]
UNDER THE FEDERAL ARBITRATION ACT ...

1

**AMERICAN ARBITRATION ASSOCIATION**

***ARBITRATION IN THE MATTER OF*:**

**PAC PACIFIC GROUP INT'L, INC. OF USA ["PPGI"],**

      **Plaintiff**

**vs.**

**NGC NETWORK ASIA, LLC ["NGCA"],**

      **Defendant**

**ARBITRATION;**

**AND IN SUPPORT OF**

**2. CROSS-PETITION TO COMPEL ARBITRATION; AND**

**3. REQUEST FOR THRESHOLD HEARING**

**ALL UNDER THE FEDERAL ARBITRATION ACT, 9 USC 1, et seq.**

LAW OFIFICES OF JOHN F.L. HEBB
1541 OCEAN AVENUE, 2ND FLOOR
SANTA MONICA, CALIFORNIA 90401
310/393-3077

**SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION [ETC.], AND IN SUPPORT [ETC.] UNDER THE FEDERAL ARBITRATION ACT ...**

2

Respondent/Cross-Petitioner PAC PACIFIC GROUP INT'L, INC. OF USA ["PPGI"] hereby submits this **Supplemental Memorandum of Law,** *pursuant to the Court's permission for such*, **in opposition to** NGCA's petition to stay, **and in support of** PPGI's cross-petition to compel arbitration under the Federal Arbitration Act, **and** PPGI's request for a threshold hearing under the Federal Arbitration Act ["FAA"] as to both the petition and cross-petition (i.e., a hearing to determine whether the FAA applies to the parties' arbitration agreement at issue, and if so whether the basis for NGCA's petition and PPGI's opposition involve issues which under the FAA are exclusively for the arbitrator to decide, and the Court's role thus limited to directing the parties to immediately proceed to their arbitration pending before the American Arbitration Association, or other mutually agreed arbitral entity).

### 1. NGCA Counsel's 7/25/07 Letter to the Court.

PPGI in its previous Memorandum addressed the procedural and calendaring points raised by NGCA's 7/25/07 letter to the Court, and PPGI re-adverts to the fact that the mutually-cited Granny Goose and Nasso cases involved adjudications, not removal-superseded pending proceedings and procedural calendaring matters which Granny Goose (among other cases cited previously by PPGI) clearly states are according to federal rules post-removal.

Further, this Court has generously allowed both sides 10 yet further pages of argument, and such certainly seems in the interest of justice and resolution on the merits.

[NGCA's letter request under the Court's Individual Practices, for a hearing in federal court on its petition to stay arbitration, recited its petition, PPGI's cross-petition and PPGI's hearing request; and PPGI did not oppose such because it understood the hearing to include the relevant required threshold FAA determination that it was preparing its own letter request for. As

**SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION [ETC.], AND IN SUPPORT [ETC.]**
**UNDER THE FEDERAL ARBITRATION ACT ...**

3

a precaution, PPGI requested notification if otherwise, so that it might proceed with its originally intended letter request for the appropriate FAA hearing. PPGI, in a further precautionary effort at clarification and comprehensive scheduling and resolution, subsequently by letter did again request 'to the extent necessary' a hearing.]

## 2. The Merits Preliminarily Addressed Pending the FAA Threshold Hearing

As indicated in PPGI's earlier Memorandum, while PPGI's understanding is that the merits of the underlying statute of limitations issues are not properly yet before the court (and, unless it was somehow determined the FAA did not apply, never will be), and so a memorandum of law on those merits would ordinarily not be submitted at this stage, PPGI nonetheless, as a precautionary measure given NGCA's moving papers in this Court, submitted both a memorandum of law on the FAA issue and a preliminary one on the underlying merits.

As NGCA's letter to the Court of two days ago contained replies, with citations and argument, to several of PPGI's earlier points, PPGI in the same precautionary spirit will briefly and preliminarily respond at this threshold hearing stage of the proceedings under the Federal Arbitration Act.

-- NGCA asserts the unconstitutionality of California Code of Civil Procedure ["CCP"] section 351 under the Abramson, Cardoso and Epstein cases it cites. But PPGI's earlier Memorandum already explained the California courts have held that any challenge under the commerce clause is resolved under an as-applied constitutional analysis. E.g., Mounts v Uyeda (1991) 227 CA3d 111,

**SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION [ETC.], AND IN SUPPORT [ETC.] UNDER THE FEDERAL ARBITRATION ACT** ...

4

1  121-122.  Accord, Bendix Autolite v Midwesco (1988) 486 US 888.  And, in that earlier

2  Memorandum (q.v.), PPGI illustrated that in our case there is no undue burden under the

3  commerce clause, and so no unconstitutionality under an as-applied test.

5  --   NGCA also asserts CCP 351 is inapplicable to 'foreign corporations' due to California

6  Corporations Code 2111.  But, NGCA has not distinguished between a foreign corporation

7  engaged in California intrastate business and required to obtain from the Secretary of State a

8  certificate of qualification under section 2105 of that code – and a foreign corporation like NGCA

9  as to which none of these elements or requirements, and so one as to which  2111 is not

10 applicable.  Without that section 2105 element activating the service and jurisdiction elements

11 embodied in section 2111, not present in our case, a corporation is not amenable to service via the

12 Secretary of State and, regardless would not be subject to California jurisdiction if not present in

13 the state or engaged in intrastate business.

14     As previously noted in its earlier Memorandum, while perhaps counterintuitive:

15 Amenability to service is deemed irrelevant to the statute of limitations tolling; it may a factor in

16 California's dismissal statutes in a lawsuit service-of-summons context, though even there it is of

17 no moment because the dismissal is without prejudice, and the statute of limitations being still

18 tolled as to the out-of-state defendant, the plaintiff merely re-files.  This is because:

20    "A court of this state may exercise jurisdiction on any basis not inconsistent with the

21     Constitution of this state or of the United States." Code Civ. Proc., § 410.10.) "A state

22     court's assertion of personal jurisdiction over a nonresident defendant who has not been

23     served with process within the state comports with the requirements of the due process

24     clause of the federal Constitution if the defendant has such minimum contacts with the

25     state that the assertion of jurisdiction does not violate ' "traditional notions of fair play and

26     substantial justice." ' ( International Shoe Co. v. Washington (1945) 326 U.S. 310, 316, 66

27     S.Ct. 154, 90 L.Ed. 95....)" ( Vons Companies, Inc. v. Seabest Foods, Inc. (1996) 14

**SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION [ETC.], AND IN SUPPORT [ETC.]**
**UNDER THE FEDERAL ARBITRATION ACT** ...

Cal.4th 434, 444-445, 58 Cal.Rptr.2d 899, 926 P.2d 1085, citations omitted.)

Simons v. Steverson (2001) 88 Cal.App.4th 693, 708-709.  See generally, California Practice Guide, Civil Procedure Before Trial, Weil & Brown, The Rutter Group, sections 3:158.3, 3:349 [2005], 4:53.  See also id., at 3:158.3 (in fact, even a corporation registered under 2105 is not always thereby automatically subject to California jurisdiction,; Gray Line Tours v Reynolds Electrical (1987) 193 CA3d 190, 193-194).

-- NGCA asserts that somehow under neither the FAA nor California or New York law do causes of action accrue only upon the refusal of a party to arbitrate.  But the cases PPGI previously cited, as well as some of the cases NGCA cites, say just that.

-- NGCA's citation of Donaldson Acoustics, Inc. v. New York Institute of Technology (1998) 671 N.Y.S.2d 114 is inapposite:  that Appellate Division case did not involve the Federal Arbitration Act, and there was a gap of greater than the six-year New York contract statute of limitations period between the breach of the construction contract at issue and any demand for arbitration.

By contrast, our case does involve the Federal Arbitration Act (under which accrual of a cause of action commences only upon refusal to arbitrate after demand, even if the demand is made subsequent to the what would ordinarily be past the statute of limitations on the underlying breach);  PPGI's demand for arbitration was made within 2 years of the underlying breach; and a petition to compel arbitration was brought within four years of the triggering event under the FAA, California and New York law pertaining to breach of an agreement to arbitrate by refusal, neglect or failure to arbitrate (as well as within six years of the underlying breach).

**SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION [ETC.], AND IN SUPPORT [ETC.] UNDER THE FEDERAL ARBITRATION ACT** ...

-- Further, returning to first principles, there has been no dispute in this case that NGCA beginning in October 2003 failed, neglected or refused to participate unqualifiedly and unconditionally in the arbitration; and the separately filed "Affirmation/Affidavit of John F.L. Hebb As To Documents Submitted", and its attached NGCA correspondence, further illustrates that in response to PPGI's 10/3/03 Notice of Intent to Arbitrate sent to NGCA exactly in accord with section 21 of the parties' agreement, NGCA in writing on 10/13/03 failed, neglected or refused to arbitrate – making any determination of any dispute under the agreement one for the arbitrator.

## CONCLUSION

Respondent respectfully requests all claims be referred to the arbitrator forthwith, including all determinations on matters of timeliness, laches, waiver, estoppel and the like, like all other disputes between the parties, are for an arbitrator's determination pursuant to the Federal Arbitration Act and the parties' agreement to arbitrate.

DATED: 7/27/07            LAW OFFICES OF JOHN F. L. HEBB,
                          LAW OFFICES OF ROBERT H. POWSNER, and
                          LAW OFFICES OF AVRUM J. ROSEN

                          By: S/Fred S. Kantrow
                          FRED S. KANTROW (FK3499)
                          Attorneys for Respondent [Plaintiff in
                          Arbitration], and Cross-Petitioner PAC PACIFIC GROUP
                          INT'L, INC. OF USA ("PPGI")

**SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION [ETC.], AND IN SUPPORT [ETC.] UNDER THE FEDERAL ARBITRATION ACT ...**

7

PROOF OF SERVICE

(CCP 1013a, 2015.5, et al.)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of/employed in the aforesaid county, State of California; I am over the age of eighteen years and not a party to the within action; my business address is: 1541 Ocean Avenue, Ste. 200, Santa Monica, CA 90401-2100.

On the below date, I served the foregoing

**SUPPLEMENTAL MEMORANDUM OF LAW**

on the interested parties in this action by (unless otherwise specified below) placing a true copy thereof in a sealed envelope with postage thereon fully prepaid, in the United States mail in Los Angeles County, California, addressed as follows:

VIA EMAIL

Matthew Solum
Carl D. LeSueur
KIRKLAND & ELLIS LLP
Citigroup Center, 153 East 53rd Street
New York, New York 10022-4675
212-446-6460
212-446-4781
212-446-4800 pbx
Facsimile: 212-446-4900
*msolum@kirkland.com, clesuer@kirkland.com, apaul@kirkland.com*
Attorneys for Petitioner [Defendant in Arbitration] NGC NETWORK ASIA, LLC ["NGCA"]

I declare, under penalty of perjury under the laws of the State of New York and California, that the foregoing is true and correct.

7/27/07                                                              Signature of Declarant

**SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION [ETC.], AND IN SUPPORT [ETC.] UNDER THE FEDERAL ARBITRATION ACT ...**

LAW OFIFICES OF JOHN F.L. HEBB
1541 OCEAN AVENUE, 2ND FLOOR
SANTA MONICA, CALIFORNIA 90401
310/393-3077